## JABEZ SARGEANT, *ex parte.*

An execution debtor is estopped from denying, on *habeas corpus,* the existence, or corporate capacity, of the plaintiff, in whose name the judgment against him was recovered.

When a corporation is plaintiff in a suit, the chief officer of the corporation may make the affidavit, required, under section 63 of chapter 28 of the Revised Statutes, to entitle the plaintiff to take out an execution against the body of the defendant.

*Jabez Sargeant, ex parte.*

Where a person, professing to be the president of a corporation, has made an affidavit under that section of the statute, which affidavit has been received by the clerk, who has thereupon issued execution against the body of the defendant, the supreme court, upon *habeas corpus* brought by the defendant, will, in the absence of all testimony, presume such person to have been president of the corporation.

HABEAS CORPUS. The petitioner prayed to be relieved from imprisonment, in the common jail of Windsor county, upon an execution in favor of the President, Directors and Company of the Bank of Windsor, against the petitioner and others. The execution creditors appeared to answer to the petition, without citation. It appeared, upon the hearing, that the execution, upon which the petitioner was committed, was issued upon a judgment rendered by the Windsor county court, at their May Term, 1843, upon a contract entered into by the defendants, subsequent to the first day of January, 1839; that an execution was issued against the property of the defendants, and returned unsatisfied; that, on the tenth day of September, 1844, one George B. Green filed his affidavit with the clerk of said court, setting forth that he was President of the Bank of Windsor, and that he had good reason to believe, and did believe, that the said Jabez Sargeant was about to abscond from this State, and had money, or other property, secreted about his person, or elsewhere; that the said clerk thereupon issued an *alias* execution, upon said judgment, against the body of the petitioner, and against the goods, &c., of the other execution debtors; and that the petitioner was committed to jail, and was now imprisoned, by virtue of said *alias* execution.

Evidence was introduced by the petitioner, tending to prove, that, prior to the rendition of the judgment upon which the said *alias* execution was issued, the whole capital stock of the Bank of Windsor was sold upon execution against the bank, at sheriff's sale, and was bid off by one Ara Cummings, and that the same was subsequently, and before the rendition of said judgment, sold by said Cummings to this petitioner.

*O. P. Chandler* for petitioner.

1. The Revised Statutes (p. 187 § 69) provide that executions shall not issue against the body, unless the plaintiff leaves with the

authority his affidavit. This cannot be construed to mean that the oath may be made by an agent, or attorney. 1. The language is definite and explicit, and admits of no such inference whatever. 2. While the Statute of 1841, [Acts of 1841, p. 4,] expressly provided for such oath by an agent, or attorney, the present statute omits those words;—which shows that it was considered expedient to require the oath of the *party* when, by the act of 1842, the act of 1841 was repealed.

Whenever, by statute, a provision is made, which requires that an act of a corporation should be verified by oath, the statute makes provision for it. Rev. Stat. 190, § 6. Bankrupt Law,—Owen on Bankruptcy.

If, then, the corporation, as such, is required to make the oath, we say it has not been done. It is an ideal person, without body, or soul, and cannot take an oath. It only speaks through its record; therefore, if the members of the corporation should *all* take the oath jointly, it would not be the oath of the corporation; much less could they swear by their President; nor is the President, by any vote, or by-law, authorized to make it. 2 Kent 279. *Bradley* v. *Richmond & Tr.*, 6 Vt. 122.

Green cannot do this act as *one* of the plaintiffs. There is but one plaintiff, and that is the corporation, by whatever name it may be called. The members are not recognized as partners; they cannot sue in their joint individual names, nor can they be sued, nor discharge a suit, plead, nor be impleaded.

2. The shares having been all sold at sheriff's sale, and the corporation put in such condition that it could no longer act as such, it was thereby dissolved;—therefore the act of Green was void;—and, by law, if dissolved, it cannot collect its debts; *Briggs* v. *Penniman*, 8 Cow. 391; *Slee* v. *Bloom*, 19 Johns. 456; 2 Kent 311; Angell on Corp. 531. Sargeant, being the owner of all the shares, could not legally be committed,—at least should not now be held in confinement.

*C. Coolidge* for creditors.

1. The petitionee insists that any officer, or stockholder, of the corporation may make the oath described in the petition;

2. That he who is, *de facto*, an officer of the corporation, and

acting as such, is to be so recognized; and his acts are good, until, on *quo warranto*, his authority is adjudged void.

The opinion of the court was delivered by

WILLIAMS, Ch. J. On the petition of Mr. Sargeant a writ of *habeas corpus* has issued to the sheriff of Windsor County, who, in obedience thereto, has him now before the court; and, on his return, it appears that in May, 1843, the President, Directors and Company of the Bank of Windsor recovered judgment againt Mr. Sargeant and others; that George B. Green, as President of the Bank, made an affidavit, to entitle the bank to a writ of execution against the body of Mr. Sargeant, on which a writ of execution issued, and he was committed to the jail in the county of Windsor, where he now remains. To relieve him from this imprisonment is the object of this writ of *habeas corpus*.

His discharge is urged on two grounds;—First, That he, Mr. Sargeant, owned all the stock in the bank, and *that, in* consequence of the bank being sold to him in the year 1838, the corporation was dissolved;—and, Second, That, under the provision of section 63, chapter 28, of the Revised Statutes, a bank, or any other corporation, cannot have an execution against the body of its debtors, and cannot make the affidavit therein required.

To the first ground it is a satisfactory reply, that, since the sale to Mr. Sargeant in 1838, the bank has been in existence under their charter, and, in their corporate name and capacity, recovered the judgment against him, on which the execution issued of which he complains, and that, by that judgment, he is estopped from denying, in this way, the legal existence of the plaintiffs in that judgment.

On the second ground, it is to be remarked that the statute, which abolishes imprisonment for debt, has provided, that, if the plaintiff shall file with the authority issuing a writ an affidavit, stating that he has good reason to believe, and does believe, that the defendant is about to abscond from the state, and has secreted about his person, or elsewhere, money, &c., such writ may issue against the body, &c. The term plaintiff applies to all suitors in court, whether natural, or artificial, and the instances are not unfrequent, where persons are mentioned as individuals, in a statute,

when corporations must be included. In the statute relating to the levy of executions it is enacted that all houses, &c., belonging to any person in *his* own right, or for *his* own life, shall stand charged with his debts, and the other provisions speak of the debtor as an individual, and yet it cannot be contended that the statute does not apply to any corporate bodies, who can contract debts.

It is our duty so to construe the act in question, as to give to all creditors this remedy against their fraudulent and unwilling debtors, unless the intention to exclude them from its benefits is apparent and manifest. It cannot be supposed, that the legislature intended to exclude from the benefit of this act the numerous class of suitors, who are public or private corporations. The term plaintiff will certainly include them, as well as an individual. It is, however, urged, that, because a bank, or a company incorporate, cannot make an oath, they cannot file the affidavit required by the statute. We, however, think, that, within the meaning of the act, if the plaintiff cannot take an oath, as if the plaintiff were an idiot, or a body corporate, for the affidavit of the plaintiff may be substituted the affidavit of those who appear for him, and manage his concerns, and that the affidavit of the guardian, or, as in the present case, of the President of the bank, who is at the head of the corporation, may be received.

The statute in question only requires the plaintiff to *file an affidavit*, and, were it not for the subsequent words, it might not be necessary to file his own affidavit; but when it is added—" stating that *he* believes "—it may, with propriety, be considered, that the plaintiff must, in all cases, make the affidavit, when he can take and assume the obligation of an oath. But, when there is no such person, who can take an oath, the statute will engraft an exception on itself in favor of the agent, or head, of a corporation.

In England there must be an affidavit to hold to bail, and at one time the affidavit must negative any tender in notes of the Bank of England. This affidavit must be express, certain, explicit and positive as to the existence of the debt; and yet, in the case of an administrator, or assignee, or a corporate officer, for a debt due to the corporation, (*Mayor of London* v. *Dias*, 1 East 237,) he may swear to the best of his knowledge and belief; and, in the last case, Lord Kenyon held, that the affidavit might be made by the clerk,

or some of the officers, of the corporation. The case of a corporation was considered as an exception to the general rule in the case of *Elliott* v. *Duggan,* 2 East 24. In the case of a plea in abatement, the party offering the plea must, by affidavit, show the truth thereof;—this affidavit, it was held, might be made by attorney; *Lumley* v. *Foster,* Barnes 344.

We have, therefore, no hesitation in saying, that, when a corporation is party, the head of the corporation may make the affidavit, required to entitle the plaintiff to an execution against the body;—whether the clerk, or cashier, could make the affidavit, is not before us.

As to the argument, that there is no evidence that Mr. Green was President, we have only to say, there is no evidence that he was not. The clerk, who issued the execution, must have been satisfied as to his authority; and it is, at least *prima facie,* to be taken that he was such officer, and so made it appear to the clerk issuing the execution.

The result is, that Mr Sargeant must be remanded.