ARTHUR S. COLE *vs.* JOHN C. BABCOCK.

Kennebec.    Opinion December 22, 1885.

*Pleading.*

In personal actions the time of every traversable fact must be stated in the declaration; that is, every traversable fact must be alleged to have taken place on some particular day.

In a declaration to recover damages for alleged slanderous words, the only allegation in reference to time was that the words were uttered "about the first of April, 1884." *Held,* That the word "about" rendered the allegation of time indefinite and uncertain.

ON EXCEPTIONS from superior court.

Action of slander.   On the third day of the return term the defendant filed a demurrer to the plaintiff's declaration.   The court overruled the demurrer *pro forma* and to this ruling the defendant alleged exceptions.

The opinion states the material facts.

*A. M. Spear*, for the plaintiff.

*Clay and Clay*, for the defendant.

FOSTER, J.   Action on the case to recover damages for alleged slanderous words which the plaintiff claims were spoken of and concerning himself.   The case comes before the court on demurrer to the declaration which contains three counts, in each of which the words are alleged to have been uttered "about the first of April, 1884."

In neither count has the plaintiff definitely set out the time when the alleged words were uttered.    There is not that certainty as to time which the fundamental rules of pleading require to be alleged in reference to traversable facts.    "In personal actions, the pleadings must allege the time; that is, the day, month and year when each traversable fact occurred."    Stephen on Pleading, Ch. II, § IV, Rule 2 ; 1 Chitty's Pl. 257.   "It is a general rule of pleading in personal actions, that the time of every traversable fact must be stated ; that is, that every such fact must be alleged

to have taken place on some particular day." Gould on Pleading, Ch. III, § 63. And it is held that this rule applies where it is not material to prove the time as laid. *Platt* v. *Jones*, 59 Maine, 241. The word " about " renders the allegation of time indefinite and uncertain. *Platt* v. *Jones, supra; State* v. *Baker*, 34 Maine, 52. A reference to the decisions where this question has been adjudicated is all that is necessary. *Gilmore* v. *Mathews*, 67 Maine, 520; *Gray* v. *Sidelinger*, 72 Maine, 114; *Moore* v. *Lothrop*, 75 Maine, 302; *Ring* v. *Roxbrough*, 2 Crompt. and Jervis, 418. Whether an amendment may·not be allowed can be settled by the court below.

*Exceptions sustained.*

PETERS, C. J., WALTON, DANFORTH, LIBBEY and EMERY, JJ., concurred.