ST. PAUL & MINNEAPOLIS PRESSED BRICK COMPANY *vs.* JAMES C. STOUT and another, impleaded, etc.

February 9, 1891.

**Mechanic's Lien—Sufficiency of Affidavit—Statutory Form.**—A departure from the form prescribed for affidavits in Gen. St. 1878, c. 90, § 18, relating to mechanics' and material-men's liens, is not necessarily fatal, but all matters of substance found in the form must appear. The affidavit involved in this case sufficiently complied with the statutory requirements.

**Same—Purchases on Current Account—Time for Filing.**—Under a contract as to price and quantity, plaintiff furnished several thousand brick in the month of July, to a contractor for use in a certain building. In September, the contractor, having erred in his computation as to quantity, ordered and received several thousand more for the same use, for which plaintiff charged a greater price. *Held*, that the case cannot be distinguished from *State Sash & Door Mfg. Co.* v. *Norwegian Seminary, supra*, p. 254, and that the filing of the lien account within six months after the delivery in September was sufficient.

Appeal by defendants from an order of the district court for Ramsey county, refusing a new trial after trial before *Otis*, J., and judgment ordered for plaintiff fixing a lien for $623.13 and interest on the premises described in the complaint and directing a sale, etc.

*T. R. Palmer*, for appellants.

*S. J. R. McMillan*, for respondent.

COLLINS, J.[1] It is insisted by appellants herein that respondent's affidavit for a lien is defective in failing to state that the materials for which the lien is claimed were furnished at the time mentioned in an attached account. An inspection of the affidavit demonstrates that it would have been advisable, and, at the outset, less laborious for the maker, to have closely followed the statutory form, but a departure is not necessarily fatal. The form prescribed in Gen. St. 1878, c. 90, § 18, must be followed in all matters of substance, but, to do this, the exact language need not be used. If, then, it appeared from the affidavit herein that these materials, 108,000 brick, were furnished at the time specified in the attached account, although not so stated in the words found in the form, the statute has been substantially complied with. The account referred to was in the ordinary bill form or statement of account, showing that the bricks were charged up to the contractor, Michelson, account of the defendant Stout, and evidently delivered in quantities or lots upon different days, stated in the account, in the month of July, 1888, except one lot, the last, which was in September. The affidavit set forth the purchase by, and delivery to, the contractor of the brick mentioned in the annexed account, for use in defendant Stout's building. It alleged that the annexed was a true and correct account of said bricks, and that, at the time they were furnished and delivered to the contractor in the manner thereinbefore stated, defendant Stout was the owner of the building and the lot on which it was being erected. Reference was so made to the attached account that we are of the opinion, while it was not explicitly stated in the words of the statute, that from the affidavit it appeared, beyond doubt, that the bricks were

[1] Vanderburgh, J., did not sit in this case.

furnished and delivered on the different days mentioned in the account.

The price fixed by contract for 99,500 brick delivered in the month of July was $5.75 per thousand, while for 8,500 delivered September 15th, on another order, the price charged was $6 per thousand. The affidavit in question was filed for record on March 14, 1889, more than six months after the last delivery in the month of July, 1888. The position of appellants' counsel on this point is that all of the material was not sold and furnished under an entire contract, nor upon a continuous, open, or current account, and that consequently it was incumbent upon the plaintiff to file a lien claim under each contract, within six months after the completion of each. In this respect the case cannot be distinguished from *State Sash & Door Mfg. Co.* v. *Norwegian Seminary, supra,* p. 254. All of these materials were of the same kind and quality, purchased for and used in the completion of the same building contract. The contractor erred in his computation, failed to contract for a sufficient quantity at first, and thereafter was compelled to procure more bricks from the same maker, for which another price was charged. As was said in the case cited, "so far as concerns the construction and application of the lien law, the furnishing of all the material may properly be deemed to have been substantially continuous and indistinguishable, rather than as independent transactions."

Order affirmed.