ROBERT L. GARLICHS, APPELLANT, V. MICHAEL DONNELLY ET AL., APPELLEES.

FILED OCTOBER 2, 1894. NO. 5571.

1. Mechanics' Liens: STATEMENTS. It is not necessary to the sworn statement and claim of lien required to be filed by subcontractors that there should be attached thereto a copy of the written contract under the terms of which the rights of such subcontractor have accrued; neither is it necessary that the ownership of the property benefited should be set forth therein.

2. ————: ITEMIZED ACCOUNTS. Where the itemized account filed with the sworn statement and claim of lien disclosed when the furnishing of labor or material began and ended, it is not essential that as conclusions the same facts should be restated.

APPEAL from the district court of Douglas county. Heard below before DOANE, J.

Hall, McCulloch & English, for appellant.

Howard B. Smith, Isaac Adams, Cowin & McHugh, Wharton & Baird, Blair & Goss, and Mahoney, Minahan & Smyth, for appellees.

RYAN, C.

For some time prior to the 29th day of August, 1889, Robert L. Garlichs, the plaintiff, was the owner of a certain lot and fraction of a lot thereto adjoining, situate in Boggs

& Hill's Second Addition to the city of Omaha. On the date last named Mr. Garlichs and Michael Donnelly, one of the defendants, entered into an agreement with reference to the transfer of said property from the former to the latter, but the title was not to be perfected in Donnelly until he had made certain improvements on the property. In accordance with their agreement, and as part of the purchase price, Mr. Donnelly on that date executed and delivered to Mr. Garlichs nine notes; three of these notes were for $1,833.33 each, and may be called the "first series;" three others were for $1,833.33 each, and may be called the "second series;" and three others were for $1,000 each, and may be called the "third series." On the first of January, 1890, Mr. Donnelly, being the equitable owner of said property, and having made arrangements to procure a loan of $17,000 from the Lewis Investment Company, one of the defendants, executed to that company his note for $17,000, and on January 1, 1890, Mr. Donnelly also executed to the Lewis Investment Company certain commission notes. On January 4, 1890, Mr. Garlichs conveyed the legal title to all the property to Mr. Donnelly. On the same date Mr. Donnelly executed and delivered to the Lewis Investment Company a mortgage upon the same property to secure his said note for $17,000, which mortgage was recorded on the same day. On the same date Mr. Donnelly also executed and delivered to the Lewis Investment Company a second mortgage upon the property above described to secure his said commission notes, which mortgage was recorded on said date. On January 4, 1890, Mr. Donnelly executed a mortgage to Mr. Garlichs upon the east forty-six feet of said real estate to secure the notes called the "first series;" and executed a mortgage on the middle forty-six feet to secure the notes called the "second series;" and executed a mortgage on the west twenty-three feet to secure the notes designated as the "third series." Each of these mortgages contained a reci-

Garlichs v. Donnelly.

tation that it was made subject to the mortgage to the Lewis Investment Company.   On the 6th day of January of the same year the three mortgages from Donnelly to Garlichs last above mentioned were recorded.   January 11, 1890, Mr. Donnelly executed to Albert L. Meals and Joseph McVea, defendants, a conveyance of all the property above described, and said grantees assumed and agreed to pay the mortgage to the Lewis Investment Company as a part of the purchase price of said property.   On the 19th day of February, 1890, Thiessen, Arnold & Co. filed a mechanic's lien, and on the same date Goodman & Cooper also filed a mechanic's lien.   On the 20th of February, 1890, Thiessen, Arnold & Co. assigned their mechanic's lien to Goodman & Cooper.   This action was brought for the purpose of foreclosing the three mortgages which had been executed and delivered by Mr. Donnelly to the plaintiff.   After the commencement of this action Mr. Garlichs assigned certain notes, hereinbefore designated as the "third series," and the mortgages securing the same, to Milton T. Barlow, and also assigned one of the notes of the " second series" to the Union National Bank of Omaha.   These assignees afterward intervened and are now parties to this action.   Before the Lewis Investment Company would make the loan of $17,000 which Mr. Donnelly sought to secure, the company required as a condition precedent that receipts and waivers of a large amount should be furnished as proof that the improvements then on the real estate had either been paid for or had been otherwise provided for. Thiessen, Arnold & Co. and F. D. Cooper executed the release as to which there has been much controversy in this case, in terms following:

"This release of mechanic's lien, made this 10th day of December, 1889, witnesseth, that for a full and valuable consideration we, the undersigned, Thiessen, Arnold & Co. and F. D. Cooper, do severally waive and release all claims which we now have, or may hereafter acquire by virtue of

the laws of the state of Nebraska, against lots 9 and 10,
block 5, in Boggs & Hill's Second Addition to the city of
Omaha, Douglas county, Nebraska, or the brick row of
stores or flats situate thereon, and our right to file a lien or
liens on said property by reason of the brick work done or
materials furnished by us in, on, or about the construction
of the buildings on the aforesaid premises.

                              "THIESSEN, ARNOLD & CO.
                              "F. D. COOPER."

On the 12th day of February, 1892, a decree was ren-
dered in which the two mechanics' liens owned by Good-
man & Cooper were adjudged to be liens prior to the liens
or claims of all other parties to this action. Thiessen,
Arnold & Co. and Goodman & Cooper were subcon-
tractors in respect to the improvements on account of
which they claimed and had decreed a mechanic's lien.
In argument it is insisted that the claim for a lien
filed on behalf of Thiessen, Arnold & Co. and the one
filed on behalf of Goodman & Cooper were defective,
for the reason that their contracts with the principal con-
tractor was in writing, and no copy of it was attached to
the claim for lien filed with the register of deeds of Douglas
county. The provision of the mechanics' lien law appli-
cable to subcontractors is found in section 2, chapter 54,
of the Compiled Statutes, and seems to be an independent
rule governing the manner in which the claim of a sub-
contractor shall be filed. As was said in *Colpetzer v. Trin-
ity Church*, 24 Neb., 120, this lien is given, not upon the
grounds that the contract was made with the owner by
such contractor, but because the material was furnished
and was used in the erection of the building. The time
within which a subcontractor is required to file his claim is
limited to sixty days from the performance of labor or
furnishing material, and the statute provides that if the
contractor does not pay him he shall have a lien for the
amount due from the same time, and in the same manner

as the original contractor, and the risk of all payments made to the original contractor shall be upon the owner until the expiration of the sixty days specified. From this language it would seem that the right of the subcontractor to a lien is contingent upon the fact of the contractor making payment within the sixty days provided by law. By the provisions of section 3 there is allowed a period of four months within which a lien may be filed in the office of the county clerk or register of deeds, and in connection with this period it is provided that when labor has been done or material furnished as provided in the written contract, the same or a copy thereof shall be filed with the account required. While the language with which section 3 begins is broad enough to cover subcontractors as well as contractors, it is evident from these considerations that the section just named applies to one class entitled to liens, while section 2, complete in itself, applies to subcontractors alone. It was, therefore, unnecessary that there should be attached to the subcontractor's claim for a lien a copy of any written contract relating to the matter in respect of which the lien is claimed.

It is also argued that the account set forth in the lien filed by Thiessen, Arnold & Co., and by them assigned to Goodman & Cooper, is not such an account as the law contemplates, and is not based on the contract between McVea and said subcontractors. There is no reason stated for the conclusion claimed. It may be true that the contract under which Thiessen, Arnold & Co. was to do the work provided that it should be for $3,935.67, and that the account shows a debit of $3,979.47, but no clear reason is assigned in argument why this is misleading. It may be, also observed, in relation to another point made, that the statute does not require that the affidavit for a subcontractor's lien shall contain the allegation that the contract was made with the owner of the property. The first section of the chapter on that subject, in general terms, provides

who shall be entitled to a lien, but it does not undertake to
specify what shall be contained in the claim filed for that
lien.   The provisions upon that subject are found in section
2 of the act, in which, as we have already observed, there
is no such requirement as is claimed.   The account at-
tached to the affidavit was itemized, and from the itemized
statement the first and last date are easily obtainable.   It
was, therefore, unnecessary that there should be a general
statement in addition giving the date of the commencement
and of the completion of the work.   The claimant could
found no right as to items not embraced within his account,
and an inspection of the statement of account would ren-
der very obvious the time of commencement and the time
of completion of the work.

An extended argument is made directed to the claim that
the liens of Thiessen, Arnold & Co. and Goodman &.
Cooper were not filed within sixty days of the perform-
ance of the labor and the furnishing of material by those
claimants.   In one view of the evidence this contention is
sustained.   In another view it is not.   The question pre-
sented was one of fact submitted to the court upon conflict-
ing evidence, and found favorably to the contentions made
on behalf of these claimants.   It is, therefore, unnecessary
to review the testimony upon which this conclusion was
founded.   It must stand as an established fact.

In respect to the release, of which a copy has already
been set out, the following were the eighth and ninth find-
ings of fact by the district court, to-wit:

" 8. That an instrument dated December 10, 1889,
signed by said Thiessen, Arnold & Co. and F. D. Cooper,
purporting to be a release of the rights of said Thiessen,
Arnold & Co. and F. D. Cooper to a mechanic's lien on
said premises, was without consideration and void, and was
delivered to defendant Lewis Investment Company without
the consent, expressed or implied, of either said Thiessen,
Arnold & Co. or F. D. Cooper, and contrary to the in-
structions of said last mentioned party.

"9. That the claim of defendant the Lewis Investment Company arose out of a building loan, and that under the agreement by which said loan was negotiated, the money thereby represented was to be first applied to the payment of the claim of contractors for labor and material furnished in the construction of said building, and that said Lewis Investment Company paid to the account of plaintiff Garlichs the sum of $8,500, after being informed that said instrument referred to in finding No. 8 was without consideration and void, and that there was due to defendant Goodman & Cooper, for labor and material furnished, the amount represented by said claims of Thiessen, Arnold & Co. and Goodman & Cooper."

These two findings of fact would settle the controversy between the Lewis Investment Company and the claimants of liens with respect to whether or not the release, as claimed by the investment company, had induced that company to make the loan and advance the money which otherwise it would not have done. On behalf of the investment company, which was a non-resident of this state, the business was done by its agents, Muir & Gaylord. The testimony of these gentlemen tends to establish as a fact the claim of the investment company. On the other hand, the evidence of both Goodman and Cooper was directly in support of the two findings quoted. It would subserve no useful purpose to attempt a review of the testimony given respectively as to this contention. The findings of the district court settled as facts the controversy, and the result is as just stated. The decree of the district court in accordance with the above findings established the liens of Goodman & Cooper and Thiessen, Arnold & Co., held by Goodman & Cooper, as prior in right to the mortgage in favor of the investment company.

The brief opposing the two liens just mentioned was submitted on behalf of the Lewis Investment Company, therein styled as "appellee." On behalf of Garlichs, Bar-

low, and the Union National Bank there was filed a stipulation as follows: "The undersigned, having examined the briefs filed in the above entitled action by the Lewis Investment Company, one of the appellees, hereby, for the purpose of saving expense, request that said brief be considered and taken as the brief on behalf of the undersigned." To this stipulation was attached the signatures, respectively, of the attorneys of the parties just named as consenting thereto. In view of this stipulation we have considered only the questions presented by the brief filed on behalf of the Lewis Investment Company. Upon a careful reading of the record we have found no question on behalf of one of the appellees which is not common to all. The discussion, therefore, which has been addressed to the claims of the Lewis Investment Company will not be extended specially to any other party to the litigation. The judgment of the district court is

AFFIRMED.