## BOOMER *v.* SHEWITZ.

MECHANICS' LIENS—ENFORCEMENT OF LIEN—STATUTORY PERIOD.

Where proceedings for the enforcement of two mechanics' liens on the same building were commenced within a year after the filing of the last lien, and it is conceded that both claims might have been included therein, the action of the court below in overruling a demurrer to such part as referred to the first lien because not begun within a year of the filing thereof, in compliance with 3 Comp. Laws 1915, § 14804, is sustained by a divided court.

Appeal from Wayne; Mandell (Henry A.), J. Submitted April 20, 1920. (Docket No. 102.) Decided July 20, 1920.

Bill by Isaac E. Boomer against Anna Shewitz and others to enforce a mechanic's lien. Fred C. Wolf and another were admitted as parties defendant and filed a cross-bill to establish mechanics' liens against defendant Shewitz. From an order overruling a demurrer to the cross-bill, defendant appeals. Affirmed by a divided court.

*L. C. Stanley,* for cross-plaintiffs.

*Friedman & Meyers,* for defendant Shewitz.

MOORE, C. J. On May 16, 1911, Isaac E. Boomer instituted this suit in chancery against Anna Shewitz and others as defendants. On March 9, 1912, the cross-plaintiffs, Wolf and Dei, were admitted as party defendants therein. On April 5, 1912, they filed their answer and also a cross-bill of complaint to foreclose two mechanics' liens which they had filed against property owned by Anna Shewitz. The first lien was

for $640.50 and was filed in the office of register of deeds on February 1st. It was for material furnished to William R. Greig, a subcontractor under Earl J. Vickery, who had the principal contract for the erection of a building with the cross-defendant Anna Shewitz. The last material furnished under it was on December 19, 1910. The second lien was for $268.50, was filed on April 11, 1911, and was for labor and material furnished to William R. Greig, who it is stated had a contract with the cross-defendant Anna Shewitz. The last of such material and labor was furnished on February 11, 1911. A demurrer was filed by Anna Shewitz, on June 7, 1912, to such parts of the cross-bill as referred to the first lien. After the same was brought on for hearing the cross-plaintiffs made application to file an amended cross-bill which was granted and an amended cross-bill was filed March 7, 1913. The amendments were as follows:

"*Second:* That after furnishing said material, and before the end of the year 1910, these cross-complainants refused to furnish further brick for the completion of said building, for the reason that the said owner did not appear to have money with which to pay for the same to the said Vickery, and the said Vickery had not paid for the same and had made no provisions for securing the payment of the same, and thereupon, and before filing the statement of lien next mentioned, the said owner in the presence of her husband and agent, Jacob Shewitz * * * requested these cross-complainants to proceed and deliver the remainder of the brick necessary for its completion, and assured them that they would have as security a lien, and asked them to put on a lien for the brick already furnished as above stated and for the remainder which they should thereafter furnish. These cross-complainants relied upon such assurance and invitation to file a lien on the premises both in filing the lien for the brick above mentioned, and for that which they afterwards furnished for the building as hereinafter stated. * * *

"*Sixth:* That on the first day of February, 1911, the said owner, Anna Shewitz, had made a contract with one William R. Greig to furnish certain other brick, the same being necessary to said building, being 37,000 brick at $6.25 per thousand, making $231; and these cross-complainants did furnish the said 37,000 brick. The first of said bricks was furnished on the first day of February, 1911, and the last of same was furnished on the 11th day of February, 1911. * * * That the brick furnished as aforesaid in this paragraph were part of the same building and were necessary to the completion of the same building as that mentioned in paragraph second of this amended cross-bill; * * * that these cross-complainants in both cases had the contract to supply all the brick for the said building, with the knowledge and consent of the owner, and all brick claimed for, and all the brick for which they claim liens were supplied with the intention of building and completing one and the same building, both on the part of the said owner and these cross-complainants."

"4th: That the proceedings to enforce the liens of these cross-complainants for the matters above stated be consolidated and treated as one proceeding for the amount of the total of the two claims, and taken within one year before the joinder of these cross-complainants by intervention in this cause."

The cross-defendant Anna Shewitz demurred to these amendments on the ground principally that the original cross-bill of complaint was filed more than one year after the filing of the lien of February 1, 1911. The hearing on the second demurrer was brought up in November, 1913, but the final determination thereof, for some reason not explained, was not made until February, 1920, when the same was overruled. The cross-defendant Anna Shewitz has appealed the case to this court.

We quote from the brief of appellant's counsel:

"In the sixth paragraph of their amended cross-bill, cross-plaintiffs make the claim that the two lots of brick, set forth in the two separate liens, were in

reality one furnishing of brick and capable of being made the basis of only one notice of lien; that both lots of brick having gone into the same building and cross-plaintiffs, having the contract to supply all the brick for the building, with the knowledge of the owner, should not be prevented from foreclosing their first claim of lien, even though the bill of complaint to foreclose it was not filed until the expiration of one year after the filing of the lien. If cross-plaintiffs' position in this respect is sound, then every lienor who files a bill to foreclose more than a year after the filing of his lien, could practically nullify the statute by claiming the benefit of other bills of foreclosure filed in time, on the theory that the material for labor which is the basis of his lien went into the same building, as the labor or material of the other lien claimants who had filed their bills seasonably."

We also quote from the reply brief of counsel:

"If cross-plaintiffs had seen fit to incorporate their two claims into one lien this suit would not be before this court. They asserted that the furnishing of the brick could have been the basis of one lien. Yet they deliberately saw fit to break up their account into two liens. There is no reason why both claims could not have been the subject matter of one lien. Upon the theory set forth in their brief cross-plaintiffs did not have to file the first lien, but having done so, could have filed their second lien for the entire amount and have released the first one at the same time. Having voluntarily chosen the plan of having two liens, it was their duty to comply with the statutes relating to the foreclosure thereof, and for this they had ample time."

—and say:

"There can be no question from the foregoing that a lien claimant must file an original, intervening or cross-bill within one year after the lien is filed by him in the office of the register of deeds. This clearly was not done by the cross-plaintiffs herein with reference to the lien filed by them on February 1, 1911."

Counsel quote sections 14804 and 14805, 3 Comp.

Laws 1915, citing *Hannah & Lay Mercantile Co.* v. *Mosser,* 105 Mich. 18; *Dittmer* v. *Bath,* 117 Mich. 571, and *Casserly* v. *Wayne Circuit Judge,* 124 Mich. 157, 161.

Again we quote:

"We think that the foregoing establishes conclusively that the cross-bill of complaint of the cross-plaintiffs filed April 5, 1912, was filed too late to foreclose the mechanics' lien filed February 1, 1911, and that the court erred in overruling the demurrer of the cross-defendant with relation thereto."

By demurring to the averments contained in the amendments the appellant admits the truth of the averments so far as they are well pleaded. A reference to the cases cited by appellant will show them unlike the case stated in the amended bill of complaint. Here we have a case stated to the effect that the articles furnished were all part of one transaction, all put into a building for the benefit of appellant, that liens were filed within the period fixed by the statute, and the cross-bill was filed within less than a year of the time when the last lien was filed.

In *Smalley* v. *Terra Cotta Co.,* 113 Mich. 141, it was said:

"It may be difficult to harmonize all of the language in these decisions. It seems to me, however, that the rule is correctly stated in 2 Jones Liens, § 1554, where it is said:

" 'The rule of construction applicable to questions arising under these liens may be strict at one stage of the proceedings and liberal at another. Mechanics' liens are in derogation of the common law, depending for their existence wholly upon statutes, and therefore upon the question whether a lien attaches at all, a strict construction is proper.'

"Section 1556 of the same author reads:

" 'But after the lien has once attached, a liberal construction should be put upon the statute, for the purpose of fulfilling its

211—Mich.—10.

objects. The statute is highly remedial in its nature, and should receive a practical and reasonable construction to effect its objects.' "

In that case it was also held that where the original answer was filed in time that an amended answer might be filed after the limitation period where it was done to properly state the cause of action which was not sufficiently stated originally. See, also, *Burman* v. *Ewald,* 192 Mich. 293.

In *Smalley* v. *Gearing,* 121 Mich. 190, it was held in substance that under the provision requiring a material man to file his statement of lien within 60 days from the date on which the last of the material was furnished, the 60 days begins to run from the date when the material was furnished to the owner, or delivered at the building, and not when it was previously delivered to the contractor at his own place of business.

In *Union Trust Co.* v. *Casserly,* 127 Mich. 183, Chief Justice MONTGOMERY, speaking for the court, said:

"It is contended that the testimony shows that the contract was for the delivery of a specific amount of material, and that the delivery of other items was under separate contracts, and that therefore a lien should have been filed within 60 days after the furnishing of each item. 3 Comp. Laws, § 10714. We think this too narrow a construction of the statute. The correct rule is stated in Phil. Mech. Liens, § 229, as follows:

" 'Where work or material is done or furnished all going to the same general purpose, as the building of a house or any of its parts, though such work be done or ordered at different times, yet if the several parts form an entire whole, or are so connected together as to show that the parties had it in contemplation that the whole should form but one, and not distinct matters of settlement, the whole account must be treated as a unit, or as being but a single contract.'

"See, also, *Jones* v. *Swan,* 21 Iowa, 181; *Hofer's*

*Appeal,* 116 Pa. St. 360 (9 Atl. 441); *St. Paul, etc., Brick Co.* v. *Stout,* 45 Minn. 327 (47 N. W. 974); *Page* v. *Bettes,* 17 Mo. App. 366.

"It is urged that the statement of the affidavit as to the time when the first item and the last item were furnished is erroneous. It is not claimed that the last item was furnished more than 60 days prior to the filing of notice of lien. The error did not prejudice the defendant in any way. See Phil. Mech. Liens, § 359."

An instructive case is *Miller* v. *Batchelder,* 117 Mass. 179. See *Nichols* v. *Culver,* 51 Conn. 177, and *Shaw* v. *Fjellman,* 72 Minn. 465 (75 N. W. 705).

Treating the averments of the amended cross-bill as true, as we must under the demurrer, we think the decree of the lower court must be affirmed, with costs. The appellant is given the usual time in which to answer.

STEERE, BROOKE, and BIRD, JJ., concurred with MOORE, C. J.

FELLOWS, J. I find no difficulty in agreeing to the proposition that under the facts stated in the cross-bill, and which are admitted by the demurrer, the appellees had a right at the time they filed their second lien to include in it the items of both liens and had they done so that they could have maintained their cross-bill for the full amount. They chose not to do so but filed two separate and distinct liens, their first one for $640.50 on February 1, 1911, their second one for $268.50 on April 11, 1911. They filed their answer and cross-bill April 5, 1912, more than a year after the filing of their first lien. Section 14804, 3 Comp. Laws 1915, provides:

"The several liens herein provided for shall continue for one year after such statement or account is filed in the office of the register of deeds, and no longer unless proceedings are begun to enforce the same as hereinafter provided." * * *

It is obvious that appellees could not maintain a bill or a cross-bill to foreclose their first lien alone. Such a bill would be barred by the limitation of the statute. The fact that they filed another lien for other items furnished, and for an amount not included in the first lien, does not in my judgment toll the statute. Their first lien had expired and was not revived by filing another one for items subsequently furnished. For this reason I am constrained to dissent from the opinion of the Chief Justice. I think the demurrer should be sustained.

STONE, CLARK, and SHARPE, JJ., concurred with FELLOWS, J.