BRUNO DOMINELLI *vs.* BRUNO W. MARKOWSKI.

1. PLEADING—DAY OF OCCURRENCE OF EVERY TRAVERSABLE FACT IN PERSONAL ACTION TO BE ALLEGED.

In personal actions, every traversable fact must be alleged to have taken place on some particular day.

2. PLEADING—"ON OR ABOUT" NOT ALLEGATION OF DEFINITE DATE.

"On or about" a certain day is not an allegation of a definite date.

3. PLEADING—UNCERTAINTY NOT REACHED BY GENERAL DEMURRER.

A general demurrer does not reach want of definiteness or certainty in a pleading, such as allegation that accident happened on or about specified date, but special demurrer is necessary.

(*January* 23, 1925.)

RICHARDS and RODNEY, J. J., sitting.

*Thomas R. Hanley* for plaintiff.

*Robert Adair* for defendant.

Superior Court for New Castle County, January Term, 1925.

This was a suit commenced in the Court of Common Pleas and removed, under the statute, to the Superior Court. Under *Rule* 103 of the Superior Court the statement of claim filed below becomes the *pro narr* in this Court. The suit was in tort to recover

damages growing out of an automobile accident. A general demurrer has been filed by the defendant under which three objections to the *pro narr* are suggested, only one of which is necessary to be considered. *Paragraph* 3 of the *pro narr* alleged that the accident happened "on or about the 11th day of September, A. D. 1924." It is objected that this allegation is indefinite and insufficient.

RODNEY, J., delivering the opinion of the Court:

[1] It is a general rule of pleading in personal actions that the time of every traversable fact must be stated—that every such fact must be alleged to have taken place on some particular day. There is little practical certainty obtained from the observance of the rule, however, since in most cases the time is not material and the pleader is not confined in his proof to the date alleged, but may prove a different date or time and the adverse party is but little better informed than if no date had been alleged. The rule exists, however, that some date must be alleged, and it may be important as contrasted with the date of the institution of the suit or as affecting the statute of limitations. *Gould's Pleading*, § 63.

[2] The question to be determined is whether "on or about the eleventh day of September, 1924," is an allegation of a definite date. We are convinced that it is not and the authorities seem to be entirely harmonious in sustaining this view. *Conroy v. Oregon Construction Co. (C. C.)*, 23 *Fed.* 71; *U. S. v. Winslow*, 3 *Sawy.* 342, *Fed. Cas. No.* 16,742; *Cole v. Babcock*, 78 *Me.* 41, 2 *Atl.* 545.

[3] In this case, however, the objection to the *pro narr* is raised by a general demurrer. The omission of the definite date of the happening of the accident was a violation of the rule of pleading which was framed to insure certainty. Objections for want of certainty, or indefiniteness, when raised by a demurrer, must be raised by a special demurrer. A general demurrer does not reach such defects which are of form only. Upon this question the authorities are in entire accord. *Cross v. Payne (Del. Super.)*, 111 *Atl.* 741.

The demurrer is overruled.