BETHLEHEM CONSTRUCTION COMPANY, a corporation of the State of Pennsylvania, *v.* CHRISTIANA CONSTRUCTION COMPANY, a corporation of the State of Delaware, reputed owner, and the J. FRANK DARLING COMPANY, a corporation of the State of Delaware, owner.

*(December 27, 1928.)*

PENNEWILL, C. J., and RICE, J., sitting.

*James R. Morford* for plaintiff.

*Aaron Finger* for defendants.

Superior Court for New Castle County, September Term, 1928.
No. 111, May Term, 1928.

PENNEWILL, C. J., delivering the opinion of the Court:

The demurrer sets forth five grounds, but only two were argued and relied on, viz.:

(1) That the plaintiff's statement was not filed in the time required by law; and

(2) That any claim the plaintiff may have had is not assertable against the property in the hands of a purchaser subsequent to the receivership of the Wilmington Sugar Refining Company and

the sale of the property by the receiver under the Chancellor's decree.

In determining the demurrer, the court will consider the first ground only, viz., that plaintiff's statement of claim was not filed in time. It is unnecessary to pass upon any other.

The plaintiff filed its statement of claim on April 28, 1928, for the purpose of obtaining a lien on the building or structure for which it had furnished a part of the materials and labor under a contract with the reputed owner dated September 15, 1921.

That contract made between the "Bethlehem Construction Company" as "contractor" and the "Christiana Construction Company" as "owner" provided in part as follows:

"The contractor shall provide all the materials and perform all the work of furnishing and erecting the fabricated structural steel for the sugar refinery buildings."

The contention on which the defendant mainly relies is that the plaintiff's statement of claim was not filed within the time prescribed by the statute.

The legal title to the land upon which the structure was to be erected was in the Wilmington Sugar Refining Company, but the plaintiff claims that such fact was not known to it.

The statement of claim shows on its face that the last delivery of materials by the plaintiff was about July 10, 1922, at which time the plaintiff suspended or discontinued work, and that the plaintiff furnished no materials or labor from July 10, 1922, to the time of the filing of its statement of claim April 28, 1928.

Under the contract between the parties the defendant, Christiana Construction Company, was bound to certain terms of payment defined therein, but defaulted in making such payments on and after July 10, 1922, at which time, July 10, 1922, the Christiana Construction Company owed the plaintiff the sum of $23,629.22.

The contract provided that:

"Failure by the owner to make payments at the time provided in this contract shall give the contractor the right to suspend work until payment is made, or at his option, after thirty days' notice in writing, should the owner continue in default, to terminate this contract and recover the price of all work

done and materials furnished and all damages sustained, and such failure to make payments at the times provided shall be a bar to any claim by the owner against the contractor for delay in the completion of the work."

The plaintiff elected to suspend work until payment was made. At the time of the discontinuance of work by the plaintiff the buildings were in a stage of partial construction and remained in the same condition until on or about the month of February, 1927.

The plaintiff's statement of claim further shows that on September 30, 1925, the Chancellor of the state appointed a receiver for the Wilmington Sugar Refining Company, the real owner, and that on November 4, 1925, the receiver, pursuant to a decree of the Chancellor, sold the property in question to William A. Raskob; that, more than a year thereafter, on January 18, 1927, the said Raskob sold and conveyed the property to the J. Frank Darling Company, one of the defendants, who subsequently completed the erection of a structure on the property.

It is not claimed by the plaintiff that the completion of the structure by the J. Frank Darling Company was done under the contract that the plaintiff had with the Christiana Construction Company; that said company, the new owner, adopted said contract, or undertook to fulfill or complete it so as to become in effect substituted for the Christiana Construction Company. The fact is that the last-named company's contract was to build a part of a sugar refinery, while the Darling Company took over the partially built sugar refinery building and converted it into and completed it as a linoleum factory.

Under the facts above stated was the plaintiff's statement of claim filed in the time prescribed by the mechanic's lien statute?

Such statute (29 *Laws of Delaware, p.* 725) provides in part as follows:

"That no contractor who shall have contracted for the erection of any building, house, or structure, in whole or in part, or for the repair or alteration of the same, and for the furnishing of the whole or any part of the materials therefor, shall be allowed to file any statement of his claim, as is hereinafter provided, until after the expiration of ninety days from the completion of such building, house, or structure so contracted for by him."

The statute further provides that such contractor shall file his statement of claim within 30 days after the expiration of 90

days from the completion of such building, house or structure so contracted for by him.

Assuming that the plaintiff was a contractor within the meaning of the statute, had he a right, under the law, to file his statement of claim after the actual completion of the building by the Darling Company, which was more than 5 years after the plaintiff had furnished any materials or labor?

■ The authorities seem to be uniform in holding that if there is a permanent abandonment of the work such abandonment is a constructive completion within the meaning of the term in mechanic's lien statutes. *Borsot on Mechanics' Liens,* § 488; *Rockel on Mechanics' Liens, at page* 250; 27 *Cyc.* 139; 40 *Corpus Juris* 192 and 196; *Catlin v. Douglass* (*C. C.*), 33 *F.* 569, 570; *Lamoreaux v. Andersch,* 128 *Minn.* 261, 150 *N. W.* 908, *L. R. A.* 1915D, 204; *Tait & Co. v. Stryker,* 117 *Or.* 338, 243 *P.* 104, decided by the Supreme Court of Oregon in 1926; *Feick v. Stephens,* 250 *F.* 185, decided by the United States Circuit Court of Appeals for the Sixth Circuit in 1918. The plaintiff has not cited any authority to the contrary.

■ There is no difficulty about the recognition of this rule and its application to the particular case if the facts are such as to show upon what date the abandonment occurred so that the 30 days after the expiration of the 90 days can be definitely calculated. The facts in the present case do not show when the abandonment of the work, if there was an abandonment, occurred. It cannot be said it was on the date when the last payment was made, July 10, 1922, because the statement of claim shows that the work at that time was only suspended.

It is reasonable to believe that there was an abandonment some time during the years intervening between the furnishing of the last materials and the filing of the statement of claim, but on what day or in what month it occurred, it is impossible to say. So that we think the rule of abandonment cannot be invoked in the present case.

■ But there is another well-recognized rule that may be applicable, viz.: When the performance of the contract is on a

certain date rendered impossible, through no fault of the contractor, there is then a constructive completion of the building, and the contractor must file his statement of claim within 30 days after the expiration of 90 days from that date.

In the present case a receiver was appointed for the real owner of the property on September 30, 1925, and after that date it was impossible for the contractor, the plaintiff, to complete or continue the work under his contract with the reputed owner; and having failed to file his statement of claim within 30 days after the expiration of 90 days from the appointment of the receiver, we think the statement was filed too late, and for that reason, the demurrer should be sustained.

A case very much in point is *Feick v. Stephens, supra.* It is true that the claimant in that case knew of the appointment of the receiver.

The plaintiff in the instant case, claims in his brief it did not know who was the legal owner of the property, or that a receiver for the owner had been appointed by the Court of Chancery, but there is nothing in its statement of claim which shows it had no knowledge of the appointment of the receiver. A receiver was not only appointed, but the property was sold by order of the Chancellor by the receiver at a public sale and a deed given to the purchaser, who sold the property later to the J. Frank Darling Company, one of the defendants, which completed the building independently and without regard to the contract of the plaintiff with the Christiana Construction Company. And the deed of the receiver purported to convey the property clear and discharged of all liens whatsoever.

The plaintiff claims that the mechanic's lien statute, being in derogation of the common law, must be strictly construed, and cites, from this state, *Heitz v. Sayers, et al.,* 1 *W. W. Harr.* (31 *Del.*) 221, 113 *A.* 901.

It is insisted that the word "completion" in the statute must be given its ordinary and generally accepted meaning, and that, therefore, the statement of claim could not be filed until the structure was actually completed, no matter how long, or by whom, it

was finished after the plaintiff discontinued work thereon. But a strict construction does not mean an unreasonable or unwarranted construction. It cannot mean that the contractor can stop work for over 5 years, and after the property has been sold and completed by other persons, file his statement of claim.