PITTMAN-BERGER CO., a corporation of the State of Pennsylvania, *v.* BESSIE P. PARKINSON, owner or reputed owner, and D. M. FONTANA & SONS, INC., a corporation of the State of Delaware, General Contractors.

(*August* 21, 1935.)

REINHARDT, J., sitting.

*Joseph A. L. Errigo* (of DePace & Errigo) for plaintiff.

*Edward W. Cooch* for Bessie P. Parkinson, one of the defendants.

Superior Court for New Castle County. *Sci fa sur* Mechanics Lien, No. 89, March Term, 1935.

REINHARDT, J., delivering the opinion of the Court:

In the introductory part of the statement of claim the claimant alleges that it supplied material and labor under a contract with D. M. Fontana & Sons, Inc., a corporation of the State of Delaware, General Contractors, "agents of the owner" for the erection of a dwelling house, etc. It is contended on the part of the defendant that the use of the words "agents of the owner" is for the purpose of the mechanics' lien law (29 *Del. Laws, c.* 225) the same as if the contract had been made by the owner direct. And that the plaintiff, therefore having furnished both labor and material, and contracted to do so with the agent of the owner, may not file its statement of claim until after the expiration of 90 days from the date of delivery of the last of the materials or labor. The claim was filed within 90 days of said date of last delivery.

Nowhere in the statement of claim except in the introductory part thereof is it alleged that D. M. Fontana & Sons, Inc., were "agents of the owner."

In paragraph 1 of said statement it is definitely and specifically alleged that the contract of claimant was made with D. M. Fontana & Sons, Inc.

In paragraph 2 of said statement it is also alleged that the contract of claimant was with D. M. Fontana & Sons, Inc.

And finally, the heading of the bills of particulars attached to the statement of claim shows that the labor and materials supplied under the contract were "Sold to D. M. Fontana & Sons, Inc."

 I am of the opinion that the words "agents of the owner" as used in the introductory part of the statement of claim cannot control the definite and specific allegations as to the parties to the contract found in later paragraphs of the statement of claim and bill of particulars. The statement, therefore, was properly filed within 90 days of the date of last delivery of labor and materials.

 The second exception alleges that the time when the supplying of the materials and labor is alleged to have been begun, is not stated with exactitude whereby the date of the commencement of the lien does not appear from the record.

Paragraph 3 of the statement sets forth: "That the time when the supplying of said material and labor began was 'on or about' the twenty-second day of August, A. D. 1934." It is contended that the use of the words "on or about the twenty-second day of August" renders the date uncertain.

The Mechanics' Lien Statute, found in *Volume* 29, *Page* 726, *of the Laws of Delaware*, provides that the statement of claim shall contain and set forth, *inter alia*, the following:

"Third. The time when the said work and labor or the furnishing of said materials was commenced and finished. * * * Sixth. Any judgment obtained upon such claim, as hereinafter provided, shall become a lien upon such building * * * and shall relate back to the day upon which said work and labor was begun, or the furnishing of said material was commenced."

In the case of *Daminelli v. Markowski*, 2 *W. W. Harr.* (32 *Del.*) 595, 128 *A.* 527, this Court held that the words

"on or about the eleventh day of September, 1924" did not constitute an allegation of a definite time.

I am therefore of the opinion that the words "on or about the twenty-second day of August" do not constitute an allegation of a definite time and therefore are not a proper compliance with the statute in that respect. The statement of claim must be held bad unless we may look to the bill of particulars attached to the statement of claim to supply the insufficient allegation as to the time of delivery.

When the bill of particulars is examined it is found that the date of delivery of the first material is set forth definitely as August 22d, 1934.

I am of the opinion that a bill of particulars is a part of the statement of claim, to the extent that it must relate thereto and be construed with reference to it.

In the case of *Johnston v. Harrington,* 5 *Wash.* 73, 31 *P.* 316, 319, the Court said:

"When the time when the materials were furnished is required to be stated, 'if the times when the work was done or the materials furnished can be deducted from the claim and bill of particulars as filed, looking at them together, it is sufficient.' "

In the case of *St. Paul & M. Pressed Brick Co. v. Stout,* 45 *Minn.* 327, 47 *N. W.* 974, 975, the Court said:

"If, then, it appeared from the affidavit herein that these materials, 108,000 brick, were furnished at the time specified in the attached account, although not so stated in the words found in the form, the statute has been substantially complied with."

In the case of *Garlichs v. Donnelly,* 42 *Neb.* 57, 60 *N. W.* 323, 325, the Court said:

"The account attached to the affidavit was itemized, and from the

itemized statement the first and last date are easily obtainable. It was therefore unnecessary that there should be a general statement in addition, giving the date of the commencement and of the completion of the work."

In the leading case of *Knabb's Appeal,* 10 *Pa.* 186, 51 *Am. Dec.* 472, the Court said:

"Of the remaining exceptions of this class, it is to be premised that the statement and bill annexed to it are to be taken as constituting what, by the Act of the Assembly, is called the 'claim' of the plaintiff. Of this there cannot be a moment's question, where the appended bill is specially referred to by his statement. * * * Here the bill or account annexed by Davis & Whitaker to their statement, obviously forms part of it. * * * It must, on the grounds stated, be so accepted by us. Thus esteemed and treated, these claims satisfy every rule. They give the amount of the debts claimed by the material-men; the nature and amount of the materials furnished and labour performed; the building for which, and the time when, they were furnished and done."

In the case of *Great Southern Hotel Co. v. Jones (C. C. A.),* 116 *F.* 793, 796, the Court said:

"We shall see also that this affidavit avers that the statement 'is a true and correct itemized statement of the amount and value of the labor performed and materials furnished in pursuance of said contract.' To refuse an interpretation of this 'itemized statement' in the light of the other parts of the same affidavit would be to apply a different rule of construction to such a claim for lien from that applicable to every other kind of written document. The object in requiring the affidavit to include a copy of the written contract and an itemized statement of the labor performed is to give notice to all concerned of the claim and the basis upon which it stands."

In the case of *Wilvert v. Sunbury Borough,* *81 *Pa.* 57, 63, the Court said:

"There is no merit in the first assignment. The particulars of the labor and materials for which the lien is claimed, the names of the actual or reputed owners, as also of the occupiers of the premises sought to be charged, are set forth in the statement filed, and nothing more is required by the act. The bill of particulars annexed to the statement is as much a part of it as if it had been incorporated in the statement itself."

In the case of *American Car & Foundry Co. v. Alex-*

*andria Water Co.*, 215 *Pa.* 520, 524, 64 *A.* 683, 685, the Court said:

"This court has repeatedly held, under prior similar statutes, that the bill of particulars is to be taken as part of the lien."

It is to be noted that the different Pennsylvania Mechanics' Lien statutes construed in the above cited Pennsylvania cases all had a provision to the effect that the statement of claim should contain and set forth when the claimant first furnished labor or materials and when he last did so. The Delaware statute has substantially the same provision in regard to the time of commencement and conclusion of the work.

Under the above authorities, the statement of claim and bill of particulars filed therewith must be construed together. When this is done there is no uncertainty. The time when the furnishing of the material was commenced clearly appears to be August 22d, 1934.

By the third exception it is contended that the allegations in the statement of claim are conflicting in that the structure is designated variously as a "dwelling house," a "dwelling house, building or structure" and as a "dwelling house and/or store."

The Mechanics' Lien statute, found in *Volume* 29, *Page* 726, of the *Laws of Delaware,* provides that the statement of claim shall contain and set forth, *inter alia,* the following:

"Fourth. The locality of the building, house or structure, with such description as may be sufficient to identify the same."

The statement of claim sets forth that the said dwelling house and/or store is located on a lot of land now known as No. 2001 Delaware Avenue situate in the City of Wilmington, County of New Castle and State of Delaware, and then follows a description of the lot by metes and bounds.

■ The general rule in regard to the description of the property required in a statement of claim filed under Mechanics' Lien statutes is:

"That if there appear enough in the description to enable a party familiar with the locality to identify the premises intended to be described with reasonable certainty, to the exclusion of all others, it will be sufficient." *Phillips Mec. Liens, par.* 379.

Under this rule, I am of the opinion that the property is sufficiently described in the statement of claim.

The fourth exception has been abandoned.

■ ■ The fifth and sixth exceptions suggest that the affidavit which the claimant must make as to the truth and correctness of the claim, is insufficient, because it appears that it was made by the president of the claimant corporation and not by its treasurer.

The Mechanics' Lien statute, found in *Volume* 29, *Pages* 726, 727, *Laws of Delaware,* provides that:

"The claimant shall make affidavit to the truth and correctness of the said claim and of the facts stated therein."

The Statute is silent as to what officer of the claimant corporation shall make the affidavit.

*Revised Code,* § 4169, cited by the defendant does not help. It applies to the verification of affidavit of demand and defense, and provides:

"In case of a suit by or against a corporation, the affidavit by the cashier or treasurer shall be sufficient in this section."

In the absence of any statute on the subject, the general rule is that an affidavit made by the president, secretary or other proper officer or agent of a corporation, where the corporation is a party to the suit, is in legal contemplation an affidavit made by the party. *New Brunswick Steamboat*

*& Canal Transp. Co. v. Baldwin,* 14 *N. J. Law* 440; *Ex parte Sargeant,* 17 *Vt.* 425.

In the case of *Great Southern Hotel Co. v. Jones (C. C. A.),* 116 *F.* 793, 797, the Court had under consideration the question as to what officer of a corporation should make the affidavit attached to the statement of claim. The Court said:

"The statute does not require that any particular person or agent shall make statutory affidavit. Undoubtedly any one who deems himself acquainted with the facts may make the necessary affidavit."

I am of the opinion that the affidavit attached to the statement of claim is sufficient.

Counsel for the defendant contends that the Mechanics' Lien statute, being in derogation of the common law, must be strictly construed. While this is a correct statement of the law yet a strict construction does not mean an unreasonable or unwarranted construction. *Bethlehem Construction Co. v. Christiana Construction Co.,* 4 *W. W. Harr.* (34 *Del.*) 147-152, 144 *A.* 830.

All of the exceptions are, therefore, overruled.