**PETTINARO CONSTRUCTION COMPANY, Inc., a Delaware corporation, Plaintiff,**

v.

**Ina RAGO, Fountain Glen, Inc., a Delaware corporation, Defendants.**

Superior Court of Delaware, New Castle.

July 29, 1970.

David Roeberg, of Sullivan, Potter & Roeberg, Wilmington, for plaintiff.

C. Waggaman Berl, Jr., of Booker, Leshem, Green, Shaffer & Berl, Wilmington, for defendants.

STIFTEL, President Judge.

This is a mechanics' lien problem. Plaintiff filed its complaint and statement of claim on February 16, 1970. It was served

on February 18, 1970, and on March 12, 1970, defendants' answer was filed. Unfortunately, the answer was filed two days late and no affidavit of defense accompanied it. Plaintiff asks for judgment by default in accordance with 25 Del.Code § 2716.[1]

Defendants argue that the affidavit of defense did not have to be filed because their answer asked that the judgment be refused notwithstanding the plaintiff's affidavit of demand because plaintiff failed to describe the premises properly. Of course, their answer was late, but I will assume it was on time and determine whether the home descriptions were adequate.

Plaintiff proceeded against four structures named as 2503, 2505, 2507 and 2509 North Market Street. Defendants say this was an inadequate description—there were no metes and bounds. They say this is non-compliance with 25 Del.Code § 2712 (b) (7).

### Description

The general rule is stated in Pittman-Berger Co. v. Parkinson, 7 W.W.Harr. 105, 180 A. 645, 648, as follows:

"That if there appear enough in the description to enable a party familiar with the locality to identify the premises intended to be described with reasonable certainty, to the exclusion of all others, it will be sufficient."

See, also, Mayor and Council of Wilmington v. Recony Sales, Del., 185 A.2d 68, 70.

Defendants do not adequately explain why the descriptions used by this plaintiff are not sufficient so that the premises can be readily identified to the exclusion of all others with reasonable certainty. These are clear and well-known addresses in the City of Wilmington which are normally identified by numbers. It may be better practice for the legal description in the deed to be set forth for each property, but it is not required. If the description used complies with the purpose of the statute, it is sufficient. See 2 Woolley, Delaware Practice, § 1397. I find these descriptions adequate.

Defendants' motion to dismiss denied.

I turn now to plaintiff's motion for default.

### Timeliness of pleadings

Defendants did not file their answer on time. They were two days late. They did not request an extension of time in which to file their answer, which contained their motion. They should have. However, they have a remedy. The Court may, under Rule 6(b) (2), Del.C.Ann., upon defendants' motion, permit "the act to be done where the failure to act was the result of excusable neglect; * * *". I see no reason why this rule may not also be used for an enlargement of time for a failure to file an affidavit of defense in conformity with the statute and Superior Court Rule 12(a)[2] if defendants adequate-

1. 25 Del.Code § 2716 reads as follows:
   "Default judgment; affidavit of defense
   "Judgment by default may be entered for the plaintiff at such time and in the manner prescribed by the Rules of the Superior Court, unless the defendant has previously filed in the cause an affidavit that he verily believes there is a legal defense to the whole or part of such cause of action, and setting forth the nature and character of the defense. If the defense is to part only, then the defendant shall specify the sum really due; and judgment may be entered for the plaintiff at his election for the sum acknowledged to be due. If judgment is not so entered by default, then like proceedings shall be had as in other cases of scire facias."

2. Superior Court Rule 12(a) states, in part, as follows:
   "* * * and in actions of scire facias on mechanics' liens, the defendant shall, not later than the time for serving his answer, serve either an affidavit of defense in conformity with the statute or

ly demonstrate that their neglect should be excused. Compare W. D. Haddock Construction Co. v. D. H. Overmeyer, Del. Super., 256 A.2d 760. This case can then proceed on the merits.[3] If defendants fail to move in this respect prior to Friday, August 7, 1970, judgment by default shall be awarded to plaintiff.

Defendants' motion asking that Ina Rago be dismissed from the case cannot be considered at this time on the present record.

a motion that judgment be refused notwithstanding the plaintiff's affidavit of demand or, in mechanics' liens, notwithstanding the statement of claim of the complaint."

3. The question of whether the filing of the motion to dismiss stayed the requirement for filing the affidavit of defense until the motion was decided is not necessary in light of my decision.