JOHN C. GALE *v.* ABRAHAM MYERS.

In a several action against one of two makers of a negotiable promissory note, judgment refused at the first term on the copy of the cause of action and affidavit filed by the plaintiff, without an affidavit of defence by the defendant.

*Quare*—Does the statutory provision that "an obligation, or written contract, of several persons, shall be joint and several, unless otherwise expressed," apply to a negotiable promissory note made by two persons?

ASSUMPSIT on a promissory note. The copy of the cause of action with the affidavit of the plaintiff filed was as follows.

$350.00.

DOVER, May 5th, 1873.

Ninety days after date, we promise to pay John C. Gale, or order, at the Farmers Bank of the State of Delaware, at Dover, three hundred and fifty dollars, without defalcation, value received.

Credit the drawer.

ABRAHAM MYERS.
B. C. HINDS.

The affidavit alleged that it was a true copy of the note on which the suit was brought, and that the sum demanded as due thereon to the plaintiff from the above named defendant, Abraham Myers, and one of the makers of it,

was three hundred and fifty dollars with interest thereon from the 6th day of August 1873, and one dollar and ninety one cents costs of protest.

*Ridgely*, for the plaintiff, on the last day of the term, asked for judgment thereon, as no counter affidavit of defence had been filed to it on the other side; and said that, although both the makers of the note were living and within reach of the process of the court, the action had been brought against Myers alone, who was in fact the principal in it, and had received the sole benefit of it, and the action would lie against him alone for the whole amount of it; because, notwithstanding it was a negotiable promissory note of two makers, it was both joint and several in its character, and was the several note of each, as well as the joint note of both of them, under the provision of the statute which declares that an obligation, or written contract, of several persons, shall be joint and several, unless otherwise expressed. *Chap.* 63. *sec.* 9, *Rev. Code, Amend.* 357. And cited *Currey & Davis v. Warrington's Exr.* 5 *Harr.* 147. *Sparks v. Zebley,* 5 *Harr.* 353.

*Comegys*, for the defendant. The terms "obligation, or written contract" in the provision of the statute referred to, were never designed by the legislature, and were never considered or understood by either the courts or the bar of the State, to embrace or apply to such an instrument in writing for the payment of money, as a promissory note or bill of exchange; and as strong confirmation of what he had just stated, was the fact which could not be disputed or denied, that no such action as this had ever before been brought on a joint promissory note or bill of exchange in any county of the State, although that provision of the statute, even in broader terms, had been in force since 1829, if not longer.

*Ridgely*, replied.

*The Court*, Wootten and Wales, Associate Judges, Gil-

pin, Chief Justice, absent. This is a grave question of law which has never been passed upon, or directly decided by this, or any other court in the State, and it is a fact of no little weight and effect, that it is the first time that such an action has been brought on a promissory note made by two or more persons, as common as they have been, in any court in this State within our knowledge. There is one marked peculiarity which distinguishes such an instrument from other written contracts in general, and that is their negotiability and convenient transfer and commercial circulation by indorsement and the conditional obligations which attach upon it, and how far their negotiability might be affected or impaired by the ruling now asked for, we are not prepared to say; but this much we, at least, are prepared to say, that we have grave and strong doubts as to the intended application of this statutory provision to such an instrument, and, as it is our uniform practice when we have a serious doubt as to the right of the plaintiff to judgment at the first term in this speedy and summary method, to refuse the application, we must decline to grant the motion for judgment in this case.