HARRY E. GREEN *vs.* WILMINGTON TRUST COMPANY, Administrator of SAMUEL D. FORBES, deceased.

JUDGMENT—DEFAULT—SUPPORT IN PLEADING—WRITTEN INSTRUMENT—SUFFICIENCY.

Under *Rev. Code* 1852, amended to 1893, *p.* 789, *c.* 106, § 4, in order to have a judgment at the first term by default, the instrument sued on must contain an unconditional promise to pay money, so that, where a writing merely contained an admission by the defendant's intestate that the defendant had received from the plaintiff a sum of money for a certain purpose, it is not such an instrument as is contemplated by the statute, and judgment thereon at the first term must be refused.

(*May* 21, 1912.)

Judges WOOLLEY and RICE sitting.

*Lilburne Chandler* for plaintiff.

*Herbert H. Ward* (of *Ward, Gray* and *Neary*) for defendant.

Superior Court, New Castle County, May Term, 1912.

SUMMONS CASE (No. 70, May Term, 1912).

Motion that judgment be refused notwithstanding affidavit of demand. The body of the affidavit was as follows:

"That annexed hereto is a true and correct copy of the moneys had and received by defendant in his lifetime and defendant's acknowledgment of same under hand of Samuel D. Forbes, defendant deceased, sued upon in this action; that the sum

demanded of the said defendant is the sum of one thousand dollars, principal and interest thereon from December 1st, 1903, and said deponent further says, that he verily believes that the same is justly and truly due from the said defendant to the said plaintiff."

The paper referred to and annexed to the affidavit was as follows:

"December 1st, 1903. Received of Harry E. Green at different times up to this date, one thousand dollars to be used in developing of the Paint and Clay business near Fleetwood, Penn.

"S. D. Forbes $1000."

*Mr. Ward* moved that judgment be refused notwithstanding the above affidavit of demand, for the following reasons:

*First.* Because the affidavit does not conform to the requirements of the statute, which provides that the plaintiff, in order to obtain judgment at the first term by default, must file in the office of the prothonotary a copy of the instrument, book account or claim, and in case of a *scire facias*, a certified abstract of the docket entries, of the judgment, mortgage or recognizance, etc., together with the affidavit that he verily believes the same is justly and truly due. This may be an instrument of writing, book entry or claim. The affidavit does not say that it is either, but that it is a true and correct copy of the money had and received, and is not in conformity with the statute.

*Second.* This is not an instrument of writing, book entry or claim within the meaning of the law. It is simply a receipt for moneys. There is nothing in this receipt to show for what this money is supposed to have been due from Samuel D. Forbes. It is simply an acknowledgment on the part of Samuel D. Forbes that he received from Harry E. Green, at different times, one thousand dollars to be used in developing the paint and clay business near Fleetwood, Pennsylvania. The instrument does not show any promise to pay, or any obligation to repay, but simply an acknowledgment that Samuel D. Forbes received a certain amount of money from Green. Whether it was furnished on an agreement between them, that Forbes was to furnish money for Green's own business, does not appear. It is not a promise to pay and not a claim.

*Third.* Inasmuch as this is a suit by an individual against an estate, the plaintiff cannot get judgment until he produces in court, in which he asks for judgment, a probate of his claim. He must prove to the court that there has been a probate of his claim and this affidavit shows nothing of that sort.

*Mr. Chandler,* for the plaintiff, contended that the affidavit was sufficient under the statute and under the practice and rulings of the court.

*Woolley on Del. Prac. as to Probate of Claim; Emory v. Glens Falls Insurance Co.,* 7 *Penn.* 101, 76 *Atl.* 230.

WOOLLEY, J., delivering the opinion of the court:

Taking up the grounds for the motion in reverse order, it is apparent that the instrument sued upon is not such a one as is contemplated by the statute and therefore the matter of its probate does not require decision. In order to obtain judgment at the first term upon an affidavit of demand, the instrument of writing or claim sued upon must be for the unconditional payment of money and must contain a promise to pay that is unconditional in its nature. The instrument sued upon in this case is neither an unconditional promise nor a promise at all. It is a paper showing that Samuel D. Forbes admits that he has received from Harry E. Green the sum of one thousand dollars to be used and employed in developing a certain business. The character of that business does not appear, the relation of these two parties in the business is not by the instrument disclosed, nor is the agreement with each other discoverable. There being no promise — certainly no unconditional promise—the court think that it is not such an instrument as is contemplated by the statute (*Section* 4, *Chap.* 106, *Revised Code*), and the motion is therefore allowed and judgment is refused, notwithstanding the affidavit of demand.