HENRY LAMSON v. WILLIAM S. HABBART, REUBEN KELRICK and G. HARRY DAVIDSON.

(*May* 7, 1945.)

RODNEY and SPEAKMAN, J. J., sitting.

*William H. Foulk* for plaintiff.

*W. Thomas Knowles* for defendants.

Superior Court for New Castle County, No. 114, January Term, 1945 (Alias No. 105, March Term, 1945).

RODNEY, J., delivering the opinion of the Court:

If the present plaintiff is the holder of said note in due course, then, concededly, each and every one of the indorsers is or may be liable to such holder. This does not mean that their liability as indorsers is of the same quality or equal in all respects. This may depend in some degree upon whether the obligation of such indorsers is joint, several, or joint and several. It is unnecessary to consider the exact nature of this obligation. If it was joint, then clearly all those bound by a joint liability should be joined as parties defendant. If each indorser successively and independently indorsed, then their obligation is several, and if their obligation is several and distinct, then the action to enforce that obligation must be several. *Section* 3108 of *Revised Code of 1935* provides:

"an obligation, or written contract, of several persons, shall be joint and several, unless otherwise expressed."

In *Gale v. Myers,* 9 *Del.* (4 *Houst.*) 546, a suit was brought against one only of two makers of a promissory note. The cited statute was relied upon and judgment sought at the first term on an affidavit of demand. The Court questioned the application of the statute to negotiable instruments, and denied the summary judgment. It is unnecessary to review the question raised in *Gale v. Myers,* or to determine any alteration in the law effected by the subsequent adoption of the Uniform Negotiable Instruments Laws, or the application of *Section* 63 or 68 of said Act. *Rev. Code* 1935, §§ 3187, 3192. If the liability of the indorsers be joint and several, then they could be sued jointly or severally. No matter whether the liability of the indorsers be joint, several, or joint and several, no rule of law is suggested to us as authorizing a joint action against a part only of those indorsing, as, in this case, three of four indorsers, or three of five indorsers if the payee, also indorsing, be considered as an indorser with the others.

But it is suggested that this matter can only be raised by affidavit of defense, and not by a motion by the defendant to refuse judgment, notwithstanding the affidavit of demand. The plaintiff relies upon *Work, McCouch & Co. v. Tatman*, 7 *Del.* (2 *Houst.*) 304. In the cited case suit was brought by the holder and indorsee against the drawer of a bank check dated August 27th and payable September 11th. It was contended by the defendant that the instrument was an inland bill of exchange, and that the drawer was only conditionally liable after notice of the dishonor and nonpayment, and that a statement of these facts in the affidavit of demand was necessary before judgment could be rendered against the maker on such affidavit. The plaintiff conceded these facts were essential if judgment was sought by virtue of a declaration and in the usual course of trial, but contended that in an affidavit of demand, under the statute, all that was required was the filing of a copy of the bill or note with an affidavit of the cause of action and an affidavit that nothing had been paid in satisfaction of it, or a statement of the balance actually and truly due. The Court without any expression of its reasoning gave judgment for the plaintiff on the affidavit of demand. Many reasons suggest themselves as affecting the correctness of the conclusion reached. Provisions for judgment on affidavit of demand were intended as 'a speedy and convenient method of obtaining judgment where there was a liability of the defendant to the plaintiff and there was filed a copy of the cause of action, together with an affidavit stating the sum demanded, and that it was justly and truly due, and no affidavit being filed by the defendant setting forth any legal defense to the action.

Implicit in the procedure of judgment on affidavit of demand is the evident or prima facie liability of the named defendant to the named plaintiff, and, in the case of suit on an instrument of writing, this liability must be shown on the instrument sued upon. In *St. Joseph's Polish Catholic Beneficial Soc. v. St. Hedwig's Church*, 19 *Del.* (3 *Penn.*)

229, 50 A. 535, Judge Spruance refused a judgment on an affidavit of demand where the note sued upon did not show an obligation of the defendant to the plaintiff.

The Courts of this State have uniformly placed a strict construction on the Act providing for judgments on affidavits of demand. Whenever a doubt exists as to the legal sufficiency of an affidavit of demand, the Court will refuse such summary judgment and allow the case to go to pleading, issue and trial in the usual manner. *Woolley on Delaware Practice,* § 289.

The present suit is by a holder of a note against certain named indorsers. Indorsers are not primarily and unconditionally liable. Indorsers are secondarily liable, and only after notice of dishonor. This was true before the passage of the Negotiable Instrument Law. *Standard S.-M. Co. v. Smith,* 15 *Del.* (1 *Marv.*) 330, 40 A. 1117; it is true under the provisions of sections 66 and 84 of the N. I. L., *Sections* 3190 and 3208, *Revised Code of Delaware* 1935.

In the present case there is no showing of any presentment or dishonor of the note, or any notice thereof. There is no evident or prima facie liability of any of the defendants to the plaintiff, and this prima facie showing must, we think, be evident from the affidavit of demand. The holding of *Work, etc., v. Tatman, supra,* will not be extended.

The action is also brought against three persons. From the copy of the note sued upon these three defendants clearly appear as indorsers, together with additional indorsers who are not sued. Whether the liability of the indorsers be joint, several, or joint and several, it would appear that there is no prima facie joint liability of three only of a greater number of indorsers, and we think judgment must be refused, notwithstanding the affidavit of demand.