UNION PARK PONTIAC, INC., a corporation of the State of Delaware, Plaintiff, v. TRANSIT FREEZE CORPORATION, a corporation of the State of New Jersey, Defendant.

*(May 8, 1961.)*

STIFTEL, J., sitting.

*Max S. Bell, Jr.* (of Richards, Layton and Finger) for plaintiff.

*Joseph A. Rosenthal* (of Cohen and Morris) for defendant.

Superior Court for New Castle County, No. 219, C. A., 1961.

STIFTEL, J.:

Plaintiff's complaint was filed with an affidavit of demand. Plaintiff claims that the sum of $10,000 is due and payable to

it by defendant by reason of a default by defendant of each motor vehicle lease agreement, which provided that in case of default the balance of the rental for the entire two-year term of the lease was immediately due and payable.

The defendant has filed no affidavit of defense to the action, and has moved the court to set aside the "affidavit" because it was not such a case as was contemplated and provided for in the statute under which the affidavit of demand was purported to have been filed.

Section 3901 (a), Title 10, *Delaware Code*, provides, in part, as follows:

"In all actions in the Superior Court upon bills, notes, bonds, or other instruments of writing for the payment of money or for the recovery of book accounts, on foreign judgments, and in all actions of *scire facias* on recognizances in the Orphans' Court or Court of Chancery, judgments or mortgages, judgment by default shall be entered upon motion by the plaintiff or his attorney after the defendant's time for filing his answer has expired, notwithstanding appearance by the defendant, unless the defendant * * * shall have filed with his answer an affidavit stating that he * * * verily believes * * * there is a legal defense to the whole or part of such cause of action, and setting forth the nature and character of the same."

Under this statute, the affidavit of demand must be based on an unconditional promise to pay a sum of money, and nothing more, and the sum must be certain. *Selly v. Fleming Coal Co.*, 7 *W. W. Harr.* 34, 180 *A.* 326; *Green v. Wilmington Trust Co.*, 2 *Boyce* 585, 83 *A.* 935; *Reed v. Glens Falls Insurance Company*, 2 *Marv.* 370, 43 *A.* 256.

The motor vehicle lease agreement on each of the four leased vehicles are identical except for the make and model of the vehicle and the monthly rental rate. Each lease is a three-page document, printed in small type, which contains

three articles setting forth many mutual covenants providing, *inter alia*, for payment by the lessee of fees and taxes, fines, and requiring lessee to refrain from misusing the automobile, forbidding him from transporting persons for hire, requiring him to abide by inspection laws and to keep the vehicle in good repair and also requiring lessee to provide for oiling, polishing, washing and storage of the vehicle. The lease further details the type of insurance required and the responsibility of lessor and lessee in regard thereto. For example, the lessee is liable for the first $100 for any damage to the vehicle. In Article III, the lessee is prevented from assigning or transferring his rights, and cannot encumber the vehicle, whereas the lessor is given the right to assign any part of the money lessee owes or will owe under the lease. In subparagraph 5 of Article III, a breach can occur by lessee not only for failure by the lessee to pay the monthly rental but also for failure by the lessee to comply with any terms and covenants. The lease also provides:

"Repossession by lessor * * * and any sale or sales made by lessor of any automobile so repossessed shall not affect the right of the lessor to, and lessor shall nevertheless have the right to, recover from the lessee any and all damages which lessor shall have sustained by reason of the breach by lessee of any of the covenants or terms of this lease."

In *Tweed v. Dayett*, 5 *Houst.* 526, judgment on affidavit of demand was refused where affidavit recited that lessee owed lessor $180, the balance of the rent reserved in lease. The lease contained mutual covenants. For example, lessee was required to do lessor's sawing for fifty cents per hundred, attend waste gates, and lessor agreed to pasture one cow for fifty cents a week. The Court said, in reference to this agreement:

"The articles of agreement not only contain a covenant to pay a certain money rent, but also sundry mutual covenants between the parties, the breach of which by either of

them would sound only in unliquidated damages, and there are some on both sides which are not in terms for the payment of money, but for the performance of certain acts; we have always considered, however, that the statute referred to was only intended to apply to such instruments of writing for the payment of money, or are for the payment of money simply, and nothing more."

Accord: *Schabinger v. Warren*, 4 *Houst.* 544.

Plaintiff argues *Tweed v. Dayett, supra,* is not analogous in that the contract therein was more than a written instrument for the payment of money under the statute and that Tweed's claim was uncertain in amount. The Tweed agreement discloses that the mutual covenants expressed therein were part and parcel of the subject matter of the lease and generally involved uses of the leased premises, for which payments in addition to the agreed rent were contemplated. In similar fashion, the covenants in the motor vehicle lease agreements provided for rental payments and also contained clauses which required certain positive actions on the part of both parties in addition to the payment of monies. Furthermore, it would appear that any action under the motor vehicle lease agreements is not necessarily limited to the rental value provided for in the lease, but could possibly permit a cause of action wherein "any and all damages" which lessor shall have sustained by reason of the breach by the lessee of any of the covenants could be resolved. Consequently, the recovery under the lease would not necessarily be for a sum certain.

Accordingly, I conclude that the motor vehicle lease agreements sued upon in the instant action do not provide for unconditional payment of money or for a sum certain, as required by § 3901(a), Title 10, *Delaware Code.*

Therefore, the instruments are not such instruments as are contemplated by the statute and judgment cannot be

allowed. Defendant's motion to refuse judgment on affidavit of demand is granted.