**FRANKLIN NATIONAL BANK, a National Banking Association, Plaintiff,**

v.

**Josiah M. SCOTT and Bettina Lindsay Scott, Defendants.**

Superior Court of Delaware, New Castle.

Oct. 16, 1970.

Bruce M. Stargatt, Young, Conaway Stargatt & Taylor, Wilmington, for plaintiff.

Richard L. Sutton, Morris, Nichols, Arsht & Tunnell, Wilmington, for defendants.

## OPINION

O'HORA, Judge.

The complaint alleges that defendant, Josiah M. Scott, is liable to plaintiff on the basis of three instruments (hereinafter called "Guarantees") executed by defendant whereby he undertook to guarantee the debts to plaintiff of two corporations and an individual. The complaint alleges further that the defendant, Bettina Lindsay Scott, is liable to plaintiff on the basis of an instrument executed by her whereby she guaranteed the liabilities of her husband, defendant, Josiah M. Scott, to plaintiff. The complaint further alleges that each of the three principal debtors named have defaulted on their obligations causing defendant, Josiah M. Scott, to become liable to plaintiff and, in turn, defendant, Bettina Lindsay Scott, thereby also becoming liable to plaintiff. Filed with said complaint is an affidavit of demand executed by the plaintiff's vice-president. Defendants have moved that judgment be refused notwithstanding plaintiff's affidavit of demand, said motion being grounded on the contentions of defendants that (1) the affidavit of demand is defective since it was not executed by plaintiff's cashier or treasurer, as required by 10 Del.C. § 3901(a), and (2) that the cause of action is not within the scope of 10 Del. C. § 3901(a) because the Guarantees do not provide for the unconditional payment of a sum certain.

The courts of Delaware have been consistent in giving strict interpretation to the requirements of the statute permitting judgments on affidavits of demand. Lamson v. Habbart, 3 Terry 600, 43 A.2d 249 (Del.Supr.1945). In this instance defendants urge an interpretation of the statute, 10 Del.C. § 3901, which would permit such affidavits to be executed only by the cashier or treasurer of a corporation. Defendants rely upon Woolley On Deleware Practice, § 289, for such interpretation of the statute, wherein Woolley stated:

"In the case of a corporation-plaintiff the only officer of the corporation who under this statute may make the affidavit, is the cashier or treasurer."

The statute in question, 10 Del.C. § 3901, reads as follows:

"In case of a suit by or against a corporation, the affidavit by the cashier or treasurer shall be sufficient in this section."

Defendants argue that Woolley properly states the law to the effect that only the particular officers mentioned shall sign such affidavits. The plaintiff on the other hand contends that Woolley is in error and that the statute is simply an indication of legislative intent that at least two administrative offices of any corporation may make such sworn statements on its behalf, this being an exception to the general rule that only an executive officer, president or vice-president, may take oath on behalf of the corporation without showing his special authority therein.

The distinction urged by plaintiff finds support in the decisions generally. See In re Gold, 93 F.2d 676 (3 Cir. 1937); In re Harrison, 109 F.Supp. 614 (D.C.1953). The only authority which would seem to require the signing of such affidavits by the cashier or treasurer is that found in Woolley herein relied upon by defendants. However, the statement found in Woolley to that effect is based upon the holding in Blades Lumber Co v. Kent & Weeks Lumber Co., 2 Marvel 302, 43 A. 174 (1897).

Upon examination it appears, however, that the *Blades* decision merely holds that the affidavit of demand must set forth in the body of the affidavit itself the official character of the officer who makes the affidavit. The decision in no way supports the conclusion that only a cashier or treasurer may sign such an affidavit. Such a conclusion is both inconsistent with the language of the statute itself and customary business practice. For this reason this Court does not feel compelled to follow the direction of Woolley which seems to have been based upon an erroneous interpretation of a court decision in the first instance.

A similar problem was presented to the Court in Pittman-Berger Co. v. Parkinson, 7 W.W.Harr. 105, 180 A. 645 (Del.Super. 1935) which involved an affidavit on behalf of a corporation in connection with the filing of a mechanics' lien. In that case the affidavit in question was made by the president of the corporation and it was argued that it should have been made by the treasurer. In rejecting this argument the court there recognized the general rule "that an affidavit made by the president, secretary or other proper officer or agent of a corporation, where the corporation is a party to the suit, is in legal contemplation an affidavit made by the party." That court went on to indicate that this general rule would be followed except in those cases wherein a statute specifically changes the usual practice.

■ A fair reading of the statute on issues here, having to do with affidavits of demand, indicates that it is intended to make clear that certain officers, i. e., a cashier or treasurer who might not otherwise be thought to have appropriate authority to sign such affidavits under the general rule, are thereby given such authority. This is a far cry from concluding that such statute requires that only such named officers may execute such an affidavit.

■ 10 Del.C. 3901(a) provides that an action upon an affidavit of demand applies " * * * upon bills, notes, bonds, or other instruments of writing for the payment of money or for the recovery of book accounts * * * ". The Guarantees executed by defendants in this case are, in fact, in writing, for a sum or sums certain and are unconditional promises to pay. There is nothing contained in these notes by way of condition to their being an absolute agreement or obligation to pay money owed, the amount of which is certain as shown on the face of the instruments themselves. Defendants have relied upon Union Park Pontiac, Inc. v. Transit Freeze Corp., 3 Storey 412, 171 A.2d 69 (Del.Super.1961) to buttress their argument that we are not here dealing with a demand for a sum certain. However, in that case the court found that the instrument involved included mutual covenants which required positive action in addition to the payment of money and for the breach of which an action for additional damages may lie. As can be seen, no certain amount was ascertainable in advance with regard to such a writing. In the instant case the precise amount is indicated on the face of the instrument sued upon.

Defendants also rely upon several cases to support their argument that the Guarantees here do not contain unconditional promises to pay. In each instance cited there was a condition which had to occur before payment was due. No similar condition of performance or event exists in the situation here presented. The defendants here agreed "absolutely and unconditionally" to pay "claims of every nature and description" whether "now existing or hereafter incurred * * * direct or indirect, absolute or contingent, secured or not secured, matured or not matured". It is difficult to imagine an instrument more clearly showing an undertaking to pay an obligation without further or additional positive action, or occurrence of some collateral condition.

For the reasons herein stated it is the Court's opinion that defendants' motion that judgment be refused notwithstanding plaintiff's affidavit of demand should be denied.

It is so ordered.