GENERAL ELECTRIC COMPANY, a New
York corporation, Plaintiff,

v.

KIRKWOOD INDUSTRIES, INC., a Delaware corporation, Defendant.

Superior Court of Delaware,
New Castle.

Jan. 19, 1972.

Walter P. McEvilly, Jr., Wilmington, for plaintiff.

Eduard F. von Wettberg, III, Wilmington, for defendant.

STIFTEL, President Judge.

Plaintiff moved to strike defendant's second affirmative defense on the basis that its affidavit of demand was not executed by a properly authorized person. The affidavit was signed by R. S. Dunkle, District Credit Manager for the Mid-Atlantic Hotpoint Division of plaintiff corporation.

10 Del.C. § 3910 provides:

"In case of a suit by or against a corporation, the affidavit by the cashier or treasurer shall be sufficient in this section."

The language in this statute is not exclusive. It does not restrict the parties who may properly make an affidavit of demand to the cashier or treasurer but instead, insures that at least these administrative officers named may make such affidavits. Franklin National Bank v. Scott, Del. Super., 270 A.2d 532. An officer or agent of a corporation who is acquainted with the facts in a particular transaction may make the necessary affidavit under this section. See Pittman-Berger Co. v. Parkinson, 7 W.W.Harr. 105, 180 A. 645; Franklin National Bank v. Scott, *supra*; J. A. Montgomery, Inc. v. Marks Mobile Homes, Inc., Del.Super., 254 A.2d 853. Mr. R. S. Dunkle, the District Credit Manager of the pertinent division of plaintiff, who is familiar with the transaction and the facts he recites, complies with the requirements of the statute.

Defendant also suggests that Mr. Dunkle should supply his authority to execute an affidavit on behalf of General Electric. This is unnecessary. It should be assumed that if General Electric is using Dunkle's affidavit, he had the authority to execute it.

Plaintiff's motion to strike defendant's second affirmative defense is granted.

It is so ordered.