**BANK OF DELAWARE, a Delaware corporation, Plaintiff,**

v.

**NMD REALTY CO., a Delaware corporation, sometimes t/a N. M. D. Realty Corporation, NMD Realty Corporation, NMD Realty Corp., and N. M. D. Realty Corp., et al., Defendants.**

Superior Court of Delaware, New Castle.

Aug. 23, 1974.

Eduard F. vonWettberg, III, Wilmington, for plaintiff.

Jay H. Conner, Wilmington, for defendants.

TAYLOR, Judge.

Plaintiff seeks judgment on seven demand promissory notes totalling $89,000, containing warrants of attorney for confession of judgment. The notes on their face bore the name NMD Realty Corp. and below that name were the signatures of the individual defendants, David L. Weiner and Nettie L. Weiner. The parties agree that the signatures of the individual defendants on the face of the notes were in their capacities as president and secretary of NMD Realty Corp. The signatures of the individual defendants also appear on the reverse side of each note. The individual defendants assert that they are accommodation indorsers and that plaintiff is not entitled to proceed against them until after presentment, notice of dishonor and protest. They also contend that the interest for which they should be liable should be limited to 6%.

The first question is whether action against the individual defendants must await presentment, notice of dishonor and protest. Assuming that the individual defendants are accommodation indorsers, presentment for payment, notice of dishonor and protest are prerequisites to charge them, absent contrary contractual provision. 5A Del.C. § 3–501.

Each note contained the following provision:

"the Maker and endorser or endorsers each hereby waives presentment, demand and notice of dishonor."

The Uniform Commercial Code provides that:

"presentment or notice or protest as the case may be is entirely excused when

. . .

(a) the party to be charged has waived it expressly or by implication either before or after it is due . . ."

5A Del.C. § 3–511(2). It further provides that "[w]here a waiver of presentment or notice or protest is embodied in the instrument itself it is binding upon all parties . . . .". Here the waiver provision in the notes makes the waiver applicable to indorsers.

■ It is true, as the individual defendants point out, that under the law of this State indorsers are not primarily or unconditionally liable. They are secondarily liable—only after notice of dishonor. Lamson v. Habbart, Del.Supr., 3 Terry 600, 43 A.2d 249 (1945). The general proposition is presently Delaware law, and is found in Section 3–501 of the Uniform Commercial Code. However, it does not address itself to the effect of an express waiver. The Delaware Negotiable Instruments Law,[1] 6 Del.C. Chapter 1, permitted waiver of presentment, 6 Del.C. § 182, waiver of notice of dishonor, 6 Del.C. § 209, and waiver of protest, 6 Del.C. § 259. The conclusion is that Lamson established the law applicable where there has been no effective waiver.

■ The basic liability of an indorser is that "upon dishonor and any necessary notice of dishonor and protest he will pay the instrument according to its tenor at the time of his indorsement . . .". 5A Del.C. § 3–414(1). Under the Uniform Commercial Code, one who has made the appropriate waiver cannot object to the absence of presentment, notice of dishonor or protest. 3 Anderson on the Uniform Commercial Code 83, § 3–511:23. The waiver provision of the notes eliminates the prior condition of presentment, notice and protest and binds the indorser to pay the notes according to their "tenor".

■ Finally, as to the effect of accommodation indorsement, Section 3–415(2) provides:

"[w]hen the instrument has been taken for value before it is due the accommodation party is liable in the capacity in which he has signed even though the taker knows of the accommodation."

An accommodation party may raise any defense against one who is not a holder in due course which could be raised by one who is in the same capacity but not an accommodation party. 2 Anderson on the Uniform Commercial Code 1004, § 3–415:12.

■ I find nothing in the law which permits an accommodation indorser to escape from the effect of a waiver provision which by its express terms is applicable to an indorser merely because the indorser is an accommodation indorser.

Accordingly, the judgment is not barred by the lack of presentment, notice of dishonor and protest.

■ The individual defendants also contend that they should only be liable for 6% interest because that was the maximum legal interest permitted at the time the notes were executed. The individual defendants have contended that they executed the notes as accommodation indorsers, and the Court will accept this contention in deciding this issue.

The notes were dated May 15, 1968, November 17, 1969, April 13, 1970, April 27, 1970, June 24, 1970, October 9, 1970 and November 13, 1970. Absent contrary contention, the dates on the notes will be taken as the actual dates of the transactions. Referring to the dates of the notes, the le-

---

1. This law antedated the Uniform Commercial Code. It was in effect at the time Lamson was decided.

gal rate of interest, as specified in 6 Del.C. § 2301 was 6% on May 15, 1968. Cf. 52 Del.Laws, Ch. 277. It was 9% on the dates of the notes executed in 1970. Cf. 57 Del.Laws, Ch. 311. The usury argument is not applicable to the 1970 notes, since the 9% interest rate provided in the notes was permitted by 6 Del.C. § 2301, as it has existed continuously since February 4, 1970. The following considerations will be applicable solely to the 1968 and 1969 notes.

Usury may not be asserted by a corporation. 6 Del.C. § 2306. Accepting the proposition that the notes were corporate notes and that the individual defendants were accommodation indorsers, the notes were not usurious as to the maker of the notes.

The accommodation indorser stands as a surety. In general, he stands in the shoes of the maker, and, with the exception of defenses that are singular to a surety, the accommodation indorser may only assert the defenses which were available to the maker. 2 Anderson on the Uniform Commercial Code 1005, § 3–415:14. Annotations appearing in 6 A.L.R. 586, 74 A.L.R. 212 and 63 A.L.R.2d 924 indicate that according to the great weight of authority an individual indorser or guarantor may not assert the defense that the original transaction was usurious where the statute did not permit the corporate maker to assert that defense. This is accepted as a correct statement of the law in the above treatise citation. The Court concludes that the individual defendants as accommodation indorsers are not entitled to assert the defense of usury inasmuch as it was not an available defense for the corporate maker of the notes.

The corporate defendant has presented no defense. The individual defendants do not contend that there was no knowledgeable waiver of trial. All issues raised by them, except those discussed above, have been abandoned.

Plaintiff will submit an Order in conformity herewith, upon notice.