**ELMWOOD FEDERAL SAVINGS BANK, Plaintiff,**

v.

**FOREST MANOR ESTATES, INC., Defendant.**

Superior Court of Delaware,
New Castle County.

Submitted: Feb. 14, 1992.
Decided: April 6, 1992.

---

Janet Z. Charlton, of Young, Conaway, Stargatt & Taylor, Wilmington, for plaintiff.

Mary Matterer, of Bayard, Handelman & Murdoch, Wilmington, for defendant.

### OPINION

TAYLOR, Judge.

Plaintiff filed this scire facias sur mortgage action to recover the balance due on a mortgage loan made by plaintiff to defendant, the developer of a development known as Forest Manor. The complaint contained a demand that defendant must answer by affidavit pursuant to 10 *Del.C.* § 3901. Defendant filed its answer accompanied by an affidavit of defense, which asserted the following defense:

> Defendant has a legal defense to the Complaint, to the extent that Plaintiff has failed to advance the total principal sum alleged in Paragraphs 5 and 11 of the Complaint. Forest Manor does not respond and is not required to respond by affidavit of defense to allegations in Paragraphs 9 and 24 of the Complaint because the alleged debt is not a sum certain and the documentation for the

alleged principal is not attached to the Complaint pursuant to 10 *Del.C.* § 3901(c). See *Union Park Pontiac, Inc. v. Transit Freeze Corporation,* Del.Super., 171 A.2d 69 (1961).

None of the cases cited by defendant in its opposition to motion involve the requirements for scire facias sur mortgage. *Swayne v. Remley,* Del.Super., 39 A. 453 (1897) involved a contract for the construction of a building. *Lamson v. Habbart,* Del.Super., 43 A.2d 249 (1945) involved a promissory note. *Union Park Pontiac, Inc. v. Transit Freeze Corporation,* Del.Super., 171 A.2d 69 (1961) involved motor vehicle leases. *Franklin National Bank v. Scott,* Del.Super., 270 A.2d 532 (1970) involved unconditional "guarantee" instruments.

■ 10 *Del.C.* § 3901(a) contains three separate categories for invoking the affidavit of defense procedure.[1]

The first and second categories are:

> [1] In all actions upon bills, notes, bonds or other instruments of writing for payment of money or for the recovery of book accounts, [2] on foreign judgments,[.]

The third category is:

> [3] in all actions of scire facias on recognizances, judgments or mortgages

It will be noted that the words "for the payment of money" are found in the first category, but are not found in the category which mentions "mortgage." From the absence of the words "payment of money" in the third category, I conclude that the strict requirements which the decisions cited by defendant and which deal with instruments in the first category do not apply to mortgages.

■ The general rule is that a mortgage may be valid even though given to secure future advances. 55 Am.Jur.2d *Mortgages* § 137. An amendment to 25, *Del.C.* ch. 21 in 1974 added § 2118, which specifically

---

1. 10 *Del.C.* § 3901(a) reads as follows: "In all actions upon bills, notes, bonds or other instruments of writing for the payment of money or for the recovery of book accounts, on foreign judgments, and in all actions of scire facias on recognizances, judgments or mortgages, the plaintiff may specifically require the defendant

or defendants to answer any or all allegations of the complaint by an affidavit setting forth the specific nature and character of any defense and the factual basis therefor, by the specific notation upon the face of the complaint that those allegations must be answered by affidavits."

authorized mortgages to create a lien for future advances made within 5 years. 59 Del.Laws ch. 444. The present § 2118, which was enacted in 1985 by 65 Del.Laws, ch. 32, provides:

(a) Any mortgage or other instrument given for the purpose of creating a lien on real property may, and when so expressed therein or when so expressed in a separate loan agreement specifically referred to therein and incorporated by reference (which loan agreement need not be recorded) shall secure not only existing indebtedness, but also future advances, whether such advances are obligatory or to be made at the option of the lender, or otherwise, to the same extent as if such future advances were made on the date of the execution of such mortgage or other instrument, although there may be no advance made at the time of the execution of such mortgage or other instrument and although there may be no indebtedness outstanding at the time any advance is made.

Coincidentally, the present § 3901 of Title 10 *Del.C.*, which provides for the scire facias procedure was enacted at the same General Assembly session which enacted the present version of 25 *Del.C.* § 2118.

The cases relied upon by defendants were all decided prior to 1985, the date of enactment of § 3901 in its present form. 65 Del.Laws, ch. 296. The pre–1985 § 3901 required plaintiff to file an affidavit of demand in order to require defendant to file an affidavit of defense. The affidavit of demand had to be accompanied by the instrument sued on and had to state "the sum demanded, and that he.... verily believe[s] that same is justly and truly due." The present version of § 3901 omits the requirement for affidavit of demand and merely requires (as to a mortgage) a certified abstract or transcript of the mortgage. Therefore, the General Assembly in 1985 relaxed the scire facias requirements in favor of plaintiff lenders.

■ The complaint alleges that defendant executed the mortgage, a certified copy of which was attached, that defendant failed to repay the obligation as required, that notice of default and demand for payment was given, and that defendant owes $672,628.86 "on account of the Mortgage" and interest and attorney fees. Neither the statute nor the Court Rules require particular allegations in a complaint for scire facias sur mortgage. This complaint satisfies Form 13 of the Superior Court Civil Rules for a complaint in scire facias sur mortgage. The complaint bears the following notice:

PLAINTIFF DEMANDS THE DEFENDANT ANSWER BY AFFIDAVIT PURSUANT TO 10 DEL.C. § 3901.

Defendant's affidavit of defense asserts that "plaintiff has failed to advance the total principal sum alleged in Paragraphs 5 and 11 of the Complaint" and that "the alleged debt is not a sum certain and the documentation for the alleged principal is not attached to the Complaint pursuant to 10 *Del.C.* § 3901(c)."

10 *Del.C.* § 3901(a) permits the plaintiff to "specifically require the defendant or defendants to answer any or all allegations of the complaint by an affidavit setting forth the specific nature and character of any defense and the factual basis therefor." Subsection (b) of § 3901 elaborates upon the defense affidavit requirements as follows:

(b) If the defense is to a part only of the cause of action, defendant, or if there be more than 1, any 1 or more of them shall, in such affidavit, specify the sum which he or they admits or admit to be due....

■ The affidavit of defense filed here does purport to assert two defenses. The first defense is that plaintiff failed to advance the principal sum alleged in the complaint. It does not deny that plaintiff advanced any money. By asserting that plaintiff did not advance the total amount claimed, the inference is that plaintiff did advance some amount. Therefore, defendant was required by § 3901(b) to specify what amount it admits is due and to specify what amount was not advanced. Generalization does not satisfy the requirement for an affidavit of defense. *First Federal Savings & Loan Association of Philadelphia v. Damnco Corp.*, Del.Super., 310 A.2d 880 (1973).

The second asserted defense, that the alleged debt is not a sum certain, is based

on the erroneous premise discussed above. It has been determined above that scire facias sur mortgage does not require the document to specify a sum certain. A further assertion by defendant is that "the documentation for the alleged principal is not attached to the complaint pursuant to 10 Del.C. § 3901(c)." § 3901(c) does not require "documentation for the alleged principal". It merely requires "a certified abstract or transcript of the judgment, mortgage or recognizance". In every mortgage foreclosure where repayments of principal have been made, the amount stated in the certified abstract or transcript of the mortgage does not reflect the unpaid principal owed at the time of suit. Under the prior § 3901, that amount was supplied by the affidavit of demand; under the present § 3901, that amount is supplied by the complaint.

I find that the affidavit of defense does not set forth a legally meritorious defense to the claim and has failed to assert facts which create a dispute of fact. Therefore, in this posture, plaintiff's motion is granted.