IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| WENDY GILLETTE, | § | |
| | § | No.   224, 2017 |
| Defendant Below, | § | |
| Appellant, | § | Court Below: Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | C.A. No. S14L-11-009 |
| WILMINGTON SAVINGS FUND | § | |
| SOCIETY, FSB, d.b.a. CHRISTIANA | § | |
| TRUST, not individually but as | § | |
| Trustee for Ventures Trust, | § | |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |
| | § | |

Submitted:   November 4, 2020
Decided:   December 31, 2020

Before **SEITZ**, Chief Justice; **VALIHURA** and **VAUGHN**, Justices.

**O R D E R**

On this 20th day of December 2020, upon consideration of the parties' briefs and the record on appeal, it appears to the Court that:

(1)   This is a mortgage foreclosure proceeding.   The original plaintiff was the mortgagee, Bank of America, N.A. ("BOA").   During the proceedings in Superior Court, the mortgage was assigned to Wilmington Savings Fund Society as Trustee, ("WSFS"), and it was substituted as plaintiff.   The appellant, Wendy Gillette, appeals the Superior Court's grant of summary judgment in favor of WSFS. The mortgaged premises is 18 Park Avenue, Rehoboth Beach, Delaware.   BOA

filed the foreclosure action after Gillette, the mortgagor, failed to make monthly mortgage payments. WSFS moved for and was granted summary judgment. Gillette filed a motion for re-argument, which was denied. On appeal, Gillette argues that the Superior Court erred by rejecting three arguments she made in that court. The first is that she was not given proper notice of acceleration of the debt under the terms of the mortgage. The second is that the estate of a deceased joint tenant is a necessary defendant. The third is that by denying that the balance of the mortgage debt was due in her answer, she sufficiently pled that the mortgagee had failed to give her notice of the debt's acceleration. We conclude that none of Gillette's claims have merit and affirm.

(2) Wendy Gillette and Pamela Slingluff owned the property as joint tenants with right of survivorship. On August 17, 2005, they granted a mortgage on the premises to BOA in the amount of $2,100,000. The mortgage contained the following acceleration clause:

> 22. Acceleration; Remedies. Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument. . . . The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument, foreclosure by judicial proceeding and sale of the Property. . . . If the default is not cured on or before the date specified in the notice,

2

> Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may foreclose this Security Instrument by judicial proceeding.[1]

(3) Slingluff died on December 7, 2012, leaving Gillette as surviving joint tenant. Gillette admittedly fell behind on the mortgage payments.[2]

(4) On November 10, 2014, BOA filed this mortgage foreclosure action against Gillette. Paragraph 6 of the complaint states, "Defendant(s) have failed to pay the monthly installments of the Mortgage when due. Payment was demanded of Defendant(s) and Defendant(s) were informed of Plaintiff's intention to accelerate the balance due if the arrearages were not paid."[3] Paragraph 7 avers that Gillette owed BOA the full principal sum of the debt, together with interest, counsel fees, costs, and late fees.

(5) The caption of the complaint included the notation permitted by 10 *Del. C.* § 3901 requiring the defendant to answer all allegations of the complaint by affidavit. Gillette filed an answer, which, with respect to paragraphs 6 and 7, simply stated, "Denied."[4] She also filed an affidavit in support of her answer in which she stated, "I hereby verify that the facts contained therein are true and correct to the best of my knowledge, information and belief."[5]

---

[1] App. to Appellant's Opening Br. at A22.
[2] Appellant's Opening Brief at 5.
[3] App. to Appellee's Answering Br. at B9 [hereinafter B__].
[4] B12.
[5] B14.

(6) After WSFS was substituted as plaintiff, it moved for summary judgment, claiming that Gillette had failed to plead a valid defense. Gillette filed a response arguing that she had never been given the notice required by paragraph 22 of the mortgage and that the estate of Slingluff had not been joined as a party.

(7) The Superior Court granted WSFS's motion for summary judgment in an opinion holding that (1) under well-settled Delaware law, the filing of a foreclosure complaint constitutes unequivocal notice of an intent to accelerate, and (2) the estate of Slingluff was not a necessary party because upon her death Gillette became sole owner by virtue of the survivorship feature of their joint tenancy. Gillette filed a motion for re-argument, again claiming that the giving of a notice under paragraph 22 was a condition precedent to acceleration of the mortgage debt. The Superior Court denied the motion, holding that Gillette did not raise this argument in her answer to WSFS's complaint and therefore waived it. Further, even if the argument had not been waived, the court reiterated that it is settled Delaware law that a foreclosure complaint is unequivocal notice of the intent to accelerate the mortgage balance.

(8) This Court reviews a grant of summary judgment *de novo* "to determine whether, viewing the facts in the light most favorable to the nonmoving party, the

4

moving party has demonstrated that there are no material issues of fact in dispute and that the moving party is entitled to judgment as a matter of law."[6]

(9)    10 *Del. C.* § 3901 states:

> (a) In all actions upon bills, notes, bonds or other instruments of writing for the payment of money or for the recovery of book accounts, on foreign judgments, and in all actions of scire facias on recognizances, judgments or mortgages, the plaintiff may specifically require the defendant or defendants to answer any or all allegations of the complaint by an affidavit setting forth the specific nature and character of any defense and the factual basis therefor, by the specific notation upon the face of the complaint that those allegations must be answered by affidavits.

WSFS made the notation described in the statute on the face of its complaint. The notation required Gillette to answer the allegations of the complaint "by an affidavit setting forth the specific nature and character of any defense and the factual basis therefore." Gillette's answer contained general denials of the allegations of the complaint and her affidavit merely recited that the "facts" contained in her answer were true and correct to the best of her knowledge and belief. Neither the answer nor the affidavit sets forth the specific nature and character of any defense. Under the statute, general denials are not sufficient. Since Gillette failed to set forth the specific nature and character of any defense in her affidavit, the allegations of the complaint are deemed admitted under 10 *Del. C.* § 3901(d). Even though Gillette

---

[6] *Homeland Ins. Co. of N.Y. v. CorVel Corp.*, 197 A.3d 1042, 1046 (Del. 2018) (en banc).

made her arguments in response to WSFS's motion for summary judgment, the failure to assert her defenses in the answer or accompanying affidavit in accordance with § 3901 constitutes waiver.[7]

(10) Gillette also argues that the trial court should have allowed her to amend her answer and affidavit to comply with § 3901. However, Gillette never moved to amend her answer and affidavit.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is **AFFIRMED.**

BY THE COURT:

/s/ James T. Vaughn, Jr.
Justice

---

[7] "When a motion for summary judgment is made and supported as provided in this Rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this Rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party." Super. Ct. Civ. R. 56; *see First Fed. Sav. & Loan Ass'n of Philadelphia v. Damnco Corp.*, 310 A.2d 880, 882 (Del. Super. 1973) ("The statute requires more than a conclusory statement which merely purports to put the plaintiff to issue. Defendant must assert a statement of facts which, if believed, would negate plaintiff's claim. The portion of the affidavit of denial relating to the complaint does not satisfy the statute."); *see also Coppedge v. U.S. Bank Nat. Ass'n*, 2011 WL 6393197, at *2 (Del. Dec. 19, 2011) (TABLE) ("Because the Coppedges offered no coherent defense to the Bank's complaint as required by § 3901, we conclude that the Superior Court properly deemed the allegations in the complaint to be admitted and properly entered summary judgment in favor of the Bank."); *see also Elmwood Fed. Sav. Bank v. Forest Manor Estates, Inc.*, 621 A.2d 354, 357 (Del. Super. Ct. 1992) (holding in a *scire facias sur* mortgage action that "the affidavit of defense does not set forth a legally meritorious defense to the claim and has failed to assert facts which create a dispute of fact. Therefore, in this posture, plaintiff's motion is granted.").

6